IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT NORTHERN INSURANCE CO.<br>as subrogee of PHYLLIS MACNEIL,<br>1000 Pillsbury Center<br>Minneapolis, MN 55402<br><br>Plaintiff,<br><br>vs.<br><br>INTERCITY ALARMS, INC.<br>20 North Main Street<br>Yarmouth, MA 02664<br><br>Defendant. | CIVIL ACTION NO.: 52278<br><br>JURY TRIAL DEMANDED<br><br>03-12463 RGS |

## COMPLAINT

Plaintiff, Great Northern Insurance Company ("Great Northern"), as subrogee of Phyllis MacNeil, upon information and belief, hereby alleges the following:

### PARTIES

1. Plaintiff, Great Northern, as subrogee of Phyllis MacNeil, is a corporation organized and existing under the laws of the State of Minnesota with a principal place of business located at 1000 Pillsbury Center, Minneapolis, Minnesota 55402. At all times material hereto, Great Northern was engaged in the business of issuing policies of insurance in the Commonwealth of Massachusetts.

2. At all times material hereto, plaintiff's insured, Phyllis MacNeil, was the owner of the real and personal property located at 148 Gansett Road, Woods Hole, Massachusetts 02543 (hereinafter "the premises").

3. Defendant, Intercity Alarms, Inc. ("Intercity"), is a Massachusetts corporation with its principal place of business located at 20 North Main Street, Yarmouth, Massachusetts, 02664, and at all times material hereto, was authorized to and did transact its business in this judicial district.

## JURISDICTION AND VENUE

4. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332, as plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

6. At all times material hereto, Phyllis MacNeil was the owner of the real and personal property located at 148 Gansett Road, Woods Hole, Massachusetts.

7. Prior to January 21, 2003, Phyllis MacNeil had hired, retained, and/or contracted with Intercity Alarms, Inc. for the design, purchase, installation, monitoring, maintenance, testing, and/or inspection of an alarm system at the premises.

8. On or about January 21, 2003 at approximately 5 p.m., John Vose, a handyman hired by Phyllis MacNeil, activated the alarm system and left the premises after performing work inside the premises.

9. On or about January 21, 2003 at approximately 12 midnight, a fire originated and occurred within the premises.

10. The subject alarm system failed to function and as a result, prompt notification of the fire was not received by the local fire department.

11. As a result of the failure of the alarm system to function properly, the aforementioned fire was allowed to escalate from its incipient stage into a major conflagration that substantially damaged and destroyed the real and personal property of Phyllis MacNeil.

12. As a result of the defective design, installation, maintenance, and/or testing of the alarm system, the alarm system's inability to detect the fire in its incipient stages and to alert the local fire department caused an escalation in the damages to Plaintiff's insured, as early detection and response would have extinguished the fire in its early stages.

13. In accordance with the policy of insurance, plaintiff has paid or will in the future pay to its insured, Phyllis MacNeil, an amount in excess of $2,000,000 for the damages caused by the fire, and is thereby subrogated to its insured right of recovery against defendant, to the extent of its payments.

## COUNT I

### (Negligence)

14. Plaintiff hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

15. The aforesaid fire and resulting damages suffered by Plaintiff's insured, Phyllis MacNeil, were proximately caused by the negligence, carelessness, gross negligence, willful and wanton misconduct, and/or otherwise culpable conduct of the defendant, its agents, servants, and/or employees, and workers, including, but not limited to the following:

a. Failing to properly design the alarm system;

b. Failing to properly install, maintain, inspect, test, and/or monitor the aforesaid alarm system at the premises;

c. Designing and installing the alarm system so that its smoke detectors failed to send an alarm signal to the central monitoring location;

d. Failing to comply with all applicable codes, statutes, and ordinances concerning the installation, servicing, maintenance, testing, and/or monitoring of the alarm system;

e. Failing to comply with applicable NFPA standards concerning the programming, installation, maintenance, servicing, and/or monitoring of alarm systems;

f. Failing to comply with all applicable NFPA, UL, local and state standards, and industry practices with regard to the monitoring of alarm systems;

g. Failing to exercise reasonable care and diligence in designing, installing, servicing, testing, maintaining, and/or monitoring of the alarm system;

h. Failing to properly train and/or supervise its employees in the proper design, application, programming, installation, service, testing, maintenance, and monitoring of this alarm system;

i. Acting in a wanton, willful, and reckless manner evidencing a reckless disregard to the rights of plaintiff's insured;

j. Engaging in conduct and making misrepresentations that led plaintiff's insured into a false sense of security;

k. Making representations to plaintiff's insured as to the particular standards, quality, and reliability of the alarm system;

l. Otherwise acting negligently as will be disclosed during the discovery process.

## COUNT II

### (Breach of Contract)

16. Plaintiff hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

17. Prior to January 21, 2001, Phyllis MacNeil had contracted with defendant to provide an alarm system to detect fires at their incipient stage and alert the fire department in case of a fire on the premises.

18. By express and/or implied agreements, defendant warranted, promised, and/or guaranteed that its alarm system would provide notification of a incipient fire condition.

19. Defendant, by its aforesaid conduct, breached and violated the terms and conditions of its express or implied contract, guarantees, and warranties.

20. The breach by the defendant of its contract, guarantees, and warrantees caused the damage to the real and personal property of Phyllis MacNeil.

## COUNT III

### (Breach of Warranty)

21. Plaintiff hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

22. In entering into an agreement with plaintiff's insured to design, install and/or monitor the alarm system, defendant expressly and/or impliedly warranted that it would perform its duties in a professional and workmanlike manner and in accordance with applicable industry standards.

23. By failing to perform its duties as described above, defendant breached its express and implied warranties.

24. As a direct and proximate result of the aforesaid breaches of warranties, the fire at the premises occurred, and Phyllis MacNeil sustained substantial damage to her real and personal property.

**WHEREFORE**, plaintiff, Great Northern, as subrogee of Phyllis MacNeil, demands judgment in its favor against defendant Intercity Alarms, Inc. for compensatory damages, in an amount in excess of $2,000,000, along with prejudgment interest, costs of this action, and such other and further relief as the Court may deem appropriate under the circumstances.

### JURY DEMAND

THE PLAINTIFFS CLAIM A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Respectfully submitted,
GREAT NORTHERN INSURANCE COMPANY
As subrogee of PHYLLIS MACNEIL,
By its attorneys,

*/s/ CK Tramontana*

Roy P. Giarrusso BBO No. 549470
Christine Kelley Tramontana BBO No. 644849
GIARRUSSO, NORTON, COOLEY
& MCGLONE, P.C.
Marina Bay
308 Victory Road
Quincy, MA 02171
(617) 770-2900

Of Counsel:
A. Richard Bailey, Esquire
John R. Slattery, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19107

DATE: December 5, 2003

PHILA1\1940367\1 133717.000