UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,
1000 Pillsbury Center
Minneapolis, MN 55402
    Plaintiff

v.

INTERCITY ALARMS, INC.
20 North Main Street
Yarmouth, MA 02664
    Defendant/Third Party Plaintiff

v.

JOHN VOSE
    Third Party Defendant

## THIRD PARTY COMPLAINT

1. The third party plaintiff is INTERCITY ALARMS, INC. a defendant in the action.

2. The third party defendant, JOHN VOSE is a person with a residence at 188 Gansett Rd., Falmouth, Barnstable County, Massachusetts, 02540.

3. According to the allegations in the complaint, (Attached herewith as exhibit "A") on or about January 21, 2003 the house owned by the plaintiff's subrogor was destroyed by fire as a result of the negligence of the defendant, third party plaintiff.

4. If the plaintiff and/or its subrogor was injured or damaged as alleged, then their alleged injuries and alleged damages were due in whole or in part as a result of the negligence and carelessness of the third party defendant, John Vose, in that he was the direct and

proximate cause of the fire which allegedly destroyed the house because he left a wooden cabinet on the stove in the kitchen and turned on the stove.

5. That in the event a finding enters in favor of the plaintiff against the defendant/third party plaintiff, Intercity Alarms, Inc., then the third party defendant, John Vose, is liable to the defendant/third party plaintiff in whole or in party for the amount of any finding or judgment for damages that might enter as against Intercity Alarms, Inc., in contribution as a joint tort feasor pursuant to M.G.L. c. 231B.

DEFENDANT/THIRD PARTY PLAINTIFF DEMANDS A TRIAL BY A JURY ON ALL ISSUES.

The Defendant/Third Party Plaintiff
by its attorney,

_____
Bradford N. Louison (BBO# 305755)
MERRICK, LOUISON & COSTELLO, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Bradford N. Louison, hereby certify that on the 8th day of JAN 2004, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, P.C., Marina Bay, 308 Victory Rd., Quincy, MA 02171.

_____
Bradford N. Louison

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRET NORTHERN INSURANCE CO.<br>as subrogee of PHYLLIS MACNEIL,<br>1000 Pillsbury Center<br>Minneapolis, MN 55402<br><br>    Plaintiff,<br><br>vs.<br><br>INTERCITY ALARMS, INC.<br>20 North Main Street<br>Yarmouth, MA 02664<br><br>    Defendant. | FILED<br>CLERKS OFFICE<br>2003 DEC -8 P 12: 20<br>CIVIL ACTION NO.<br>U.S. DISTRICT COURT<br>DISTRICT OF MASS.<br><br>**JURY TRIAL DEMANDED**<br><br>03 cv 12463 RGS |

## COMPLAINT

Plaintiff, Great Northern Insurance Company ("Great Northern"), as subrogee of Phyllis MacNeil, upon information and belief, hereby alleges the following:

### PARTIES

1.  Plaintiff, Great Northern, as subrogee of Phyllis MacNeil, is a corporation organized and existing under the laws of the State of Minnesota with a principal place of business located at 1000 Pillsbury Center, Minneapolis, Minnesota 55402. At all times material hereto, Great Northern was engaged in the business of issuing policies of insurance in the Commonwealth of Massachusetts.

2.  At all times material hereto, plaintiff's insured, Phyllis MacNeil, was the owner of the real and personal property located at 148 Gansett Road, Woods Hole, Massachusetts 02543 (hereinafter "the premises").

3.  Defendant, Intercity Alarms, Inc. ("Intercity"), is a Massachusetts corporation with its principal place of business located at 20 North Main Street, Yarmouth, Massachusetts, 02664, and at all times material hereto, was authorized to and did transact its business in this judicial district.

## JURISDICTION AND VENUE

4.  Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332, as plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

6.  At all times material hereto, Phyllis MacNeil was the owner of the real and personal property located at 148 Gansett Road, Woods Hole, Massachusetts.

7.  Prior to January 21, 2003, Phyllis MacNeil had hired, retained, and/or contracted with Intercity Alarms, Inc. for the design, purchase, installation, monitoring, maintenance, testing, and/or inspection of an alarm system at the premises.

8.  On or about January 21, 2003 at approximately 5 p.m., John Vose, a handyman hired by Phyllis MacNeil, activated the alarm system and left the premises after performing work inside the premises.

9.  On or about January 21, 2003 at approximately 12 midnight, a fire originated and occurred within the premises.

10. The subject alarm system failed to function and as a result, prompt notification of the fire was not received by the local fire department.

11. As a result of the failure of the alarm system to function properly, the aforementioned fire was allowed to escalate from its incipient stage into a major conflagration that substantially damaged and destroyed the real and personal property of Phyllis MacNeil.

12. As a result of the defective design, installation, maintenance, and/or testing of the alarm system, the alarm system's inability to detect the fire in its incipient stages and to alert the local fire department caused an escalation in the damages to Plaintiff's insured, as early detection and response would have extinguished the fire in its early stages.

13. In accordance with the policy of insurance, plaintiff has paid or will in the future pay to its insured, Phyllis MacNeil, an amount in excess of $2,000,000 for the damages caused by the fire, and is thereby subrogated to its insured right of recovery against defendant, to the extent of its payments.

## COUNT I

### (Negligence)

14. Plaintiff hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

15. The aforesaid fire and resulting damages suffered by Plaintiff's insured, Phyllis MacNeil, were proximately caused by the negligence, carelessness, gross negligence, willful and wanton misconduct, and/or otherwise culpable conduct of the defendant, its agents, servants, and/or employees, and workers, including, but not limited to the following:

a. Failing to properly design the alarm system;

b. Failing to properly install, maintain, inspect, test, and/or monitor the aforesaid alarm system at the premises;

c. Designing and installing the alarm system so that its smoke detectors failed to send an alarm signal to the central monitoring location;

d. Failing to comply with all applicable codes, statutes, and ordinances concerning the installation, servicing, maintenance, testing, and/or monitoring of the alarm system;

e. Failing to comply with applicable NFPA standards concerning the programming, installation, maintenance, servicing, and/or monitoring of alarm systems;

f. Failing to comply with all applicable NFPA, UL, local and state standards, and industry practices with regard to the monitoring of alarm systems;

g. Failing to exercise reasonable care and diligence in designing, installing, servicing, testing, maintaining, and/or monitoring of the alarm system;

h. Failing to properly train and/or supervise its employees in the proper design, application, programming, installation, service, testing, maintenance, and monitoring of this alarm system;

i. Acting in a wanton, willful, and reckless manner evidencing a reckless disregard to the rights of plaintiff's insured;

j. Engaging in conduct and making misrepresentations that led plaintiff's insured into a false sense of security;

k. Making representations to plaintiff's insured as to the particular standards, quality, and reliability of the alarm system;

l. Otherwise acting negligently as will be disclosed during the discovery process.

## COUNT II

### (Breach of Contract)

16. Plaintiff hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

17. Prior to January 21, 2001, Phyllis MacNeil had contracted with defendant to provide an alarm system to detect fires at their incipient stage and alert the fire department in case of a fire on the premises.

18. By express and/or implied agreements, defendant warranted, promised, and/or guaranteed that its alarm system would provide notification of a incipient fire condition.

19. Defendant, by its aforesaid conduct, breached and violated the terms and conditions of its express or implied contract, guarantees, and warranties.

20. The breach by the defendant of its contract, guarantees, and warrantees caused the damage to the real and personal property of Phyllis MacNeil.

## COUNT III

### (Breach of Warranty)

21. Plaintiff hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

22. In entering into an agreement with plaintiff's insured to design, install and/or monitor the alarm system, defendant expressly and/or impliedly warranted that it would perform its duties in a professional and workmanlike manner and in accordance with applicable industry standards.

23. By failing to perform its duties as described above, defendant breached its express and implied warranties.

24. As a direct and proximate result of the aforesaid breaches of warranties, the fire at the premises occurred, and Phyllis MacNeil sustained substantial damage to her real and personal property.

**WHEREFORE**, plaintiff, Great Northern, as subrogee of Phyllis MacNeil, demands judgment in its favor against defendant Intercity Alarms, Inc. for compensatory damages, in an amount in excess of $2,000,000, along with prejudgment interest, costs of this action, and such other and further relief as the Court may deem appropriate under the circumstances.

## JURY DEMAND

THE PLAINTIFFS CLAIM A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Respectfully submitted,
GREAT NORTHERN INSURANCE COMPANY
As subrogee of PHYLLIS MACNEIL,
By its attorneys,

_____
Roy P. Giarrusso BBO No. 549470
Christine Kelley Tramontana BBO No. 644849
GIARRUSSO, NORTON, COOLEY
& MCGLONE, P.C.
Marina Bay
308 Victory Road
Quincy, MA 02171
(617) 770-2900

Of Counsel:
A. Richard Bailey, Esquire
John R. Slattery, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19107

DATE: December 5, 2003

PHILA1\1940367\1 133717.000

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
GREAT NORTHERN INSURANCE CO., as subrogee of PHYLLIS MACNEIL

**DEFENDANTS**
INTERCITY ALARMS, INC.

(b) County of Residence of First Listed Plaintiff __Minnesota__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Barnstable, MA__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Roy P. Giarrusso, Christine Kelley Tramontana
Giarrusso, Norton, Cooley & McGlone, P.C.
Marina Bay, 308 Victory Road, Quincy, MA 02171
(617) 770-2900

Attorneys (If Known)
Bradford Louison
Merrick, Louison & Costello
67 Batterymarch St.
Boston, MA 02110

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury—Med. Malpractice<br>☐ 365 Personal Injury—Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☒ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1332 - diversity jurisdiction

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 12/5/03
SIGNATURE OF ATTORNEY OF RECORD  /s/ CK Tramontana

FOR OFFICE USE ONLY
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___