UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,
1000 Pillsbury Center
Minneapolis, MN 55402
    Plaintiff

v.

INTERCITY ALARMS, INC.

20 North Main Street
Yarmouth, MA 02664
    Defendant/Third Party Plaintiff,

v.

JOHN VOSE,
    Third Party Defendant

## DEFENDANT'S MOTION TO AMEND THE ANSWER
## TO ADD AFFIRMATIVE DEFENSES

Now comes the defendant, Intercity Alarms, Inc. in the above-captioned case and moves the court to allow it to amend the Answer to add the affirmative defenses of statute of limitations, statute of repose and release. As reasons therefore, the plaintiff's claim arises out of the loss by fire, caused by another (the third party defendant) of the plaintiff subrogee's house in Woods Hole, Massachusetts on January 21, 2003, and that the plaintiff claims that the defendant, a monitoring service, failed to timely notify the fire department, which contributed to the fire loss.

The complaint alleges that prior to January 21, 2003 the plaintiff's subrogee hired, retained and contracted with Intercity Alarms, Inc. for the design, purchase, installation, monitoring, maintenance and/or inspection of an alarm system on the premises from 1983 to the present. The complaint alleges that the defendant was negligent in these acts.

Subsequent to the answering of the complaint, it was determined that Intercity Alarms, Inc. installed smoke detectors and other premises protection equipment at the plaintiff subrogee's house on or after June 30, 1983 and did additional work on or around 1995. The defendant is also currently searching for a contract between the plaintiff's subrogee and the defendant which is believed to contain a limitation of liability clause. As of this date no contract has been located but it is believed that one was entered into between the parties.

On September 29, 2004, the defendant's counsel received the plaintiff's expert report. (See attached report dated September 7, 2004 from Richard N. Fedor.) Mr. Fedor sets forth in the report that in 1983 the plaintiff's subrogee contacted the defendant to upgrade the existing automatic alarm systems to install a new control panel, key pads, motion detectors, smoke detectors, fire heat detectors, fire bells and low temperature sensors. (See report p. 4.) Mr. Fedor provides his opinion that Intercity Alarms negligently failed during that upgrade and to properly connect and test the newly installed fire protection system and on or around 1995 improperly connected a new control communicator panel and improperly wired the equipment. (See report.).

The defendant would like the opportunity to defend the plaintiff's claims either by motion by summary judgment or at trial, on the issues of the statute of limitations, the statute to repose or the issue of release/limitation of liability. No trial date has been set and surely any failure to set forth the three affirmative defenses would not unduly prejudice the plaintiff's particularily since the plaintiff has made the allegation that the original installation was in 1983, and that the specific expert opinion, basis, etc., of the plaintiff's claim of negligent installation and testing was first provided to the defendant on September 29, 2004 when the defendant's counsel received the September 7, 2004 expert report.

F.R.Civ.P. Rule 8(c) states that a party shall set forth affirmatively the defense of the statute of limitations and release. However, the court should freely grant leave to amend pleadings when justice so requires in order to prevent waiver of affirmative defenses, so long as there is no undue delay on the part of the moving party. See <u>NAACP v. Acu Sport, Inc., DCNY, 2003</u>, 271 F. Supp. 2d. 435.

Wherefore, as a result of inadvertence, subsequent obtained information, and the newly obtained plaintiff's expert opinion, the defendant moves the court to allow it to amend the Answer by adding the affirmative defense of the statute of limitations, release, and statute of repose. A memorandum of law and proposed amended answer are attached herewith.

The undersigned certifies that he conferred with plaintiff's counsel about these issues on September 29, 2004 prior to filing this motion.

                                             The Defendant,
                                             INTERCITY ALARMS, INC.
                                             by its attorney,

                                             /s/ Bradford N. Louison
                                             Bradford N. Louison (BBO# 305755)
                                             MERRICK, LOUISON & COSTELLO, LLP
                                             67 Batterymarch Street
                                             Boston, MA 02110
                                             (617) 439-0305

## CERTIFICATE OF SERVICE

I, Bradford N. Louison, hereby certify that on the 30th day of September 2004, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, P.C., Marina Bay, 308 Victory Rd., Quincy, MA 02171; A. Richard Bailey, Cozen O'Connor, Attorneys, 1900 Market St., Philadelphia, PA 19103-3508.

*Bradford N. Louison*
Bradford N. Louison