UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,
1000 Pillsbury Center
Minneapolis, MN 55402
    Plaintiff

v.

INTERCITY ALARMS, INC.

20 North Main Street
Yarmouth, MA 02664
    Defendant/Third Party Plaintiff,

v.

JOHN VOSE,
    Third Party Defendant

### MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S MOTION TO AMEND THE ANSWER TO ADD AFFIRMATIVE DEFENSES

The defendant has moved the court to allow it leave to amend the Complaint in order to set forth three affirmative defenses: (1) for the applicable statute of limitations under Massachusetts law; (2) for the statute of repose and (3) release/limitation of liability.

The plaintiff subrogee's home was lost in a fire on or about January 22, 2003. The plaintiff alleges that the fire was cause in part as a result of the defendant's failure to properly install, maintain, inspect, monitor and warn with regards to the fire and smoke detecting system it upgraded in 1983 and monitored up until the time of the loss in 2003.

The defendant did not set forth an affirmative defense for statute of limitations, or statute of repose or release/limitation of liability at the time of the filing of the answer. However,

although there was a general allegation of negligent design installation it was not until September 29, 2004, when the defendant's first received a copy of the plaintiff's expert report (attached to the Motion) which described in detail the negligent acts of the defendant in the installation, wiring and testing of the fire and smoke detector system when it was upgraded in 1983 and later on or about 1995.

As a result of that information, the defendant realizes that the affirmative defenses should be asserted.

M.G.L. c. 260, §2(B) is the statute of repose which sets forth that actions of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration or an improvement to real property, other than that of a public agency as defined in §39A of c. 7 shall be commenced only within three years next after the cause of action accrues; provided, however, that in event shall such actions be commenced more than six years earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.

Improvements to real property have been defined as the installation of an electrical distribution panel. See Parent v. Stone & Webster Engineering Corp., 556 N.E. 2d. 1009, 408 Mass. 108 (1990), and the installation of insulation. Conley v. Scott Products, Inc., 518 N.E. 2d. 849, 401 Mass. 645 (1988).

It is the defendant's position that the installation of a new fire and burglar alarm system smoke detectors, bells, etc. constitute an improvement to real property for which the statute of repose should apply. Therefore, it is the defendant's position that any claim of negligent installation by the plaintiff, installation would have occurred in 1983 should be barred by the statute of repose.

Subsequent to the answering of the complaint, it was determined that Intercity Alarms, Inc. installed smoke detectors and other premises protection equipment at the plaintiff subrogee's house on or after June 30, 1983 and did additional work on or around 1995. The defendant is also currently searching for a contract between the plaintiff's subrogee and the defendant which is believed to contain a limitation of liability clause. As of this date no contract has been located but it is believed that one was entered into between the parties.

On September 29, 2004, the defendant's counsel received the plaintiff's expert report. (See attached report dated September 7, 2004 from Richard N. Fedor.) Mr. Fedor sets forth in the report that in 1983 the plaintiff's subrogee contacted the defendant to upgrade the existing automatic alarm systems to install a new control panel, key pads, motion detectors, smoke detectors, fire heat detectors, fire bells and low temperature sensors. (See report p. 4.) Mr. Fedor provides his opinion that Intercity Alarms negligently failed during that upgrade and to properly connect and test the newly installed fire protection system and on or around 1995 improperly connected a new control communicator panel and improperly wired the equipment. (See report.).

The defendant would like the opportunity to defend the plaintiff's claims either by motion by summary judgment or at trial, on the issues of the statute of limitations, the statute to repose or the issue of release/limitation of liability. No trial date has been set and surely any failure to set forth the three affirmative defenses would not unduly prejudice the plaintiff's particularily since the plaintiff has made the allegation that the original installation was in 1983, and that the specific expert opinion, basis, etc., of the plaintiff's claim of negligent installation and testing was first provided to the defendant on September 29, 2004 when the defendant's counsel received the September 7, 2004 expert report.

F.R.Civ.P. Rule 8(c) states that a party shall set forth affirmatively the defense of the statute of limitations and release. However, the court should freely grant leave to amend pleadings when justice so requires in order to prevent waiver of affirmative defenses, so long as there is no undue delay on the part of the moving party. See NAACP v. Acu Sport, Inc., DCNY, 2003, 271 F. Supp. 2d. 435.

The defendant moves the court to allow it to amend the Answer to add these affirmative defenses in order that it is allowed to defend the matter by motion or at trial. There is no prejudice to the plaintiff. The trial date has not been set and in fact the plaintiff has only on September 29, 2004, disclosed the contend of its expert's opinion with regards to the details of the alleged negligent installation, wiring, etc. Prior to that the thrust of the plaintiff was the neglect in notifying the fire department on the date of the fire which it is alleged contributed to the loss in that the fire department did not arrive until the house was fully involved with the fire.

Wherefore, as a result of inadvertence, subsequent obtained information, and the newly obtained plaintiff's expert opinion, the defendant moves the court to allow it to amend the Answer by adding the affirmative defenses of the statute of limitations, release, and statute of repose.

A proposed Amended Answer is attached herewith.

The Defendant,
INTERCITY ALARMS, INC.
by its attorney,

*/s/ Bradford N. Louison*
Bradford N. Louison (BBO# 305755)
MERRICK, LOUISON & COSTELLO, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Bradford N. Louison, hereby certify that on the 30th day of September 2004, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, P.C., Marina Bay, 308 Victory Rd., Quincy, MA 02171; A. Richard Bailey, Cozen O'Connor, Attorneys, 1900 Market St., Philadelphia, PA 19103-3508.

*/s/ Bradford N. Louison*
Bradford N. Louison