UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,
1000 Pillsbury Center
Minneapolis, MN 55402
      Plaintiff

v.

INTERCITY ALARMS, INC.
20 North Main Street
Yarmouth, MA 02664
      Defendants

## AMENDED ANSWER AND JURY CLAIM

1. The defendant is without knowledge or belief sufficient to admit or deny the allegations contained in paragraph 1.

2. The defendant is without knowledge or belief sufficient to admit or deny the allegations contained in paragraph 2.

3. Admitted.

4. To the extent that paragraph 4 contains allegations against the defendant the same are denied.

5. To the extent that paragraph 5 contains allegations against the defendant the same are denied.

6. The defendant is without knowledge or belief sufficient to admit or deny the allegations contained in paragraph 6.

7. Denied.

8. The defendant is without knowledge or belief sufficient to admit or deny the allegations contained in paragraph 8.

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. The defendant is without knowledge or belief sufficient to admit or deny the allegations contained in paragraph 13.

## Count I.

14. The defendant restates its responses to paragraphs 1-13 as if specifically restated herein.

15. Denied.

## Count II.

16. The defendant restates its responses to paragraphs 1-15 as if specifically restated herein.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## Count III.

21. The defendant restates its responses to paragraphs 1-20 as if specifically restated herein.

22. Denied.

23. Denied.

24. Denied.

Wherefore the defendant demands that the complaint be dismissed.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted, as a result of which, this action should be dismissed with prejudice and with costs to the Defendant.

2. The Plaintiffs is barred from any recovery herein because there has been a complete, or partial, failure of consideration with respect to the claim he has made.

3. The Defendant says that the acts or omissions alleged in the Complaint to be negligent were committed, if at all, by the person whose conduct the Defendant was not legally responsible.

4. The complaint fails to join a party needed for just adjudication.

5. Defendants say that the cause of action mentioned in the Complaint did not occur within the time limited by statute for the commencement of this action.

6. Defendants say that the cause of action mentioned in the Complaint did not occur within the time limited by statute of repose (M.G.L.c. 260 § 2B) for the commencement of this action.

7. The Plaintiff's subrogee released the defendant and or agreed to limit damages.

The Defendant Demands a Jury Trial

The Defendant,
by its attorney,

_____
Bradford N. Louison (BBO# 305755)
MERRICK, LOUISON & COSTELLO, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Bradford N. Louison, hereby certify that on the 30th day of September 2004, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, P.C., Marina Bay, 308 Victory Rd., Quincy, MA 02171; A. Richard Bailey, Cozen O'Connor, Attorneys, 1900 Market St., Philadelphia, PA 19103-3508.

*/s/ Bradford N. Louison*
Bradford N. Louison