UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT NORTHERN INSURANCE CO. as subrogee of PHYLLIS MACNEIL<br><br>Plaintiff,<br>v.<br>INTERCITY ALARMS, INC.<br><br>Defendant. | CA #:03 CV 12463 RGS |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION DIRECTED TO DEFENDANT, INTERCITY ALARMS, INC.**

Plaintiff Great Northern Insurance Company, as subrogee of Phyllis MacNeil, makes demand upon defendant to respond to the following Requests for Admission within thirty (30) days, pursuant to the F.R.C.P. 36. In addition to the Instructions set forth below, the Definitions and Instructions set forth in plaintiff's First Set of Interrogatories Directed to Defendant are incorporated herein by reference.

**INSTRUCTIONS**

1. If you are unable to complete the answer of any request for admission herein, you shall answer to the extent possible, and provide a detailed explanation as to why you cannot provide a complete answer.

2. If you object, in whole or in part, in response to any request for admission, please set forth, in detail, the basis of your objection. Objecting to a portion of a request for admission does not relieve you of a duty to respond to those parts of the request for admission which are not objectionable.

3. If you object to a request for admission because you claim that the answer is protected by the attorney-client, work-product, or any other privilege, state the grounds on which you believe your claim of privilege rests.

4. Pursuant to F.R.C.P. 36(a), unless an answer or objection is received to these requests within thirty days after service, they shall be considered "admitted."

## REQUESTS FOR ADMISSION

1. Please admit that the fire occurred on the evening of January 21, 2003 and the early morning hours of January 22, 2003.

**RESPONSE:**

2. Please admit that the fire originated in the kitchen of the subject premises.

**RESPONSE:**

3. Please admit that John Vose locked the door and activated the alarm system upon leaving the premises at approximately 5:00 p.m. on January 21, 2003, as stated in the attached Falmouth Fire Rescue Department report ("Exhibit A").

**RESPONSE:**

4. Please admit that John Vose received a telephone call from Intercity Alarms at 11:49 p.m. on January 21, 2003, advising him of a low temperature alarm at the subject premises, as stated in Exhibit A.

5. Please admit that the kitchen was fully involved in fire when John Vose investigated the low temperature alarm between 11:49 p.m. and 11:59 p.m. on January 21, 2003, as stated in Exhibit A.

**RESPONSE:**


6. Please admit that John Vose was confronted with heavy smoke when he opened the front door of the premises between 11:49 p.m. and 11:59 p.m. on January 21, 2003, as stated in Exhibit A.

**RESPONSE:**

7. Please admit that John Vose reported the fire to the Falmouth Fire Rescue Department at 11:59 p.m. on January 21, 2003, as stated in Exhibit A.

**RESPONSE:**


8. Please admit that the first Falmouth Fire Rescue Unit arrived at 12:07 a.m. on January 22, 2003, as stated in Exhibit A.

**RESPONSE:**


9. Please admit that the first arriving Falmouth Fire Rescue Department Unit found the first floor of the premises heavily involved in fire, which rapidly extended through the roof and out the windows, as stated in Exhibit A.

**RESPONSE:**


10. Please admit that cause of the fire in the MacNeil home was a result of the ignition of a wood drawer that was placed on the Thermadore Cook Top located in the kitchen of the subject premises, as stated in Exhibit A.

**RESPONSE:**

11.     Please admit that at least one of the control knobs of the Thermadore Cook Top was found to be in the "on" and/or vertical position after the fire, as stated in Exhibit A.

**RESPONSE:**


12.    Please admit that the smoke detectors of the alarm system located within the MacNeil home failed to operate on January 21, 2003.

**RESPONSE:**


15.    Please admit that Intercity Alarms, Inc. had no written contract with the MacNeils.

**RESPONSE:**


16.    Please admit that Intercity Alarms, Inc. installed all of the alarm equipment at the subject premises.

**RESPONSE:**


17.    Please admit that Intercity Alarms, Inc. replaced certain alarm equipment at the subject premises after the initial installation but prior to the subject fire.

**RESPONSE:**


18.    Please admit that Intercity Alarms, Inc. monitored all of the alarm equipment located at the subject premises.

**RESPONSE:**

Giarusso, Norton, Cooley, & McGlone, P.C.

BY: *Roy P. Giarrusso* /s/
     Roy P. Giarrusso, Esquire

Of Counsel:
A. Richard Bailey, Esquire
John R. Slattery, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19107

DATED: 4-8-04

## CERTIFICATE OF SERVICE

I, A. Richard Bailey, Esquire, hereby certify that on the 8th day of April, 2004, I served a true a correct copy of the foregoing Plaintiff's First Set of Requests for Admission directed to Defendant, Intercity Alarms, Inc. by regular U.S. Mail to the foregoing counsel of record:

> Bradford N. Louison (BBO#305755)
> Merrick, Louison & Costello, LLP
> 67 Batterymarch Street
> Boston, MA 02110
> (617) 439-0305

_____
A. Richard Bailey, Esquire

PHILA1\2014824\1 133717.000