UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,
1000 Pillsbury Center
Minneapolis, MN 55402
    Plaintiff

v.

INTERCITY ALARMS, INC.
20 North Main Street
Yarmouth, MA 02664
    Defendant/Third Party Plaintiff,

v.

JOHN VOSE,
    Third Party Defendant

## DEFENDANT, INTERCITY ALARMS, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS

**Request No. 1**

Please admit that the fire occurred on the evening of January 21, 2003 and the early morning hours of January 22, 2003.

**Response No. 1**

Admitted.

**Request No. 2**

Please admit that the fire originated in the kitchen of the subject premises.

**Response No. 2**

The defendant cannot admit or deny Request for Admission No. 2 as no one employed with the defendant has personal knowledge of the facts requested to be admitted or denied.

**Request No. 3**

Please admit that John Vose locked the door and activated the alarm system upon leaving the premises at approximately 5:00 p.m. on January 21, 2003, as stated in the attached Falmouth Fire Rescue Department report ("Exhibit A").

**Response No. 3**

The defendant cannot admit or deny Request for Admission No. 3 as no one employed with the defendant has personal knowledge of the facts requested to be admitted or denied.

**Request No. 4**

Please admit that John Vose received a telephone call from Intercity Alarms at 11:49 p.m. on January 21, 2003, advising him of a low temperature alarm at the subject premises, as stated in Exhibit A.

**Response No. 4**

Admitted that defendant advised Vose that it received a low temperature alarm.

**Request No. 5**

Please admit that the kitchen was fully involved in fire when John Vose investigated the low temperature alarm between 11:49 p.m. and 11:59 p.m. on January 21, 2003, as stated in Exhibit A.

**Response No. 5**

The defendant cannot admit or deny Request for Admission No. 5 as no one employed with the defendant has personal knowledge of the facts requested to be admitted or denied.

**Request No. 6**

Please admit that John Vose was confronted with heavy smoke when he opened the front door of the premises between 11:49 p.m. and 11:59 p.m. on January 21, 2003, as stated in Exhibit A.

**Response No. 6**

The defendant cannot admit or deny Request for Admission No. 6 as no one employed with the defendant has personal knowledge of the facts requested to be admitted or denied.

**Request No. 7**

Please admit that John Vose reported the fire to the Falmouth Fire Rescue Department at 11:59 p.m. on January 21, 2003, as stated in Exhibit A.

**Response No. 7**

The defendant cannot admit or deny Request for Admission No. 7 as no one employed with the defendant has personal knowledge of the facts requested to be admitted or denied.

**Request No. 8**

Please admit that the first Falmouth Fire Rescue Unit arrived at 12:07 a.m. on January 22, 2003, as stated in Exhibit A.

**Response No. 8**

The defendant cannot admit or deny Request for Admission No. 8 as no one employed with the defendant has personal knowledge of the facts requested to be admitted or denied.

**Request No. 9**

Please admit that the first arriving Falmouth Fire Rescue Department Unit found the first floor of the premises heavily involved in fire, which rapidly extended through the roof and out the windows, as stated in Exhibit A.

**Response No. 9**

The defendant cannot admit or deny Request for Admission No. 9 as no one employed with the defendant has personal knowledge of the facts requested to be admitted or denied.

**Request No. 10**

Please admit that the cause of the fire in the MacNeil home was a result of the ignition of a wood drawer that was placed on the Thermadore Cook Top located in the kitchen of the subject premises, as stated in Exhibit A.

**Response No. 10**

The defendant cannot admit or deny Request for Admission No. 10 as no one employed with the defendant has personal knowledge of the facts requested to be admitted or denied.

**Request No. 11**

Please admit that at least one of the control knobs of the Thermadore Cook Top was found to be in the "on" and/or vertical position after the fire, as stated in Exhibit A.

**Response No. 11**

The defendant cannot admit or deny Request for Admission No. 11 as no one employed with the defendant has personal knowledge of the facts requested to be admitted or denied.

**Request No. 12**

Please admit that the smoke detectors of the alarm system located within the MacNeil home failed to operate on January 21, 2003.

**Response No. 12**

Admitted only that no signal that a smoke detector was alerting was received by the defendant.

**Request No. 15 (sic.)**

Please admit that Intercity Alarms, Inc. had no written contract with the MacNeils.

**Response No. 15 (sic.)**

Admitted that no contract has been located.

**Request No. 16 (sic.)**

Please admit that Intercity Alarms, Inc. installed all of the alarm equipment at the subject premises.

**Response No. 16 (sic.)**

Admitted to the best of defendants ability. The defendant has no information that the MacNeils had any equipment other than the other than the defendants equipment.

**Request No. 17 (sic.)**

Please admit that Intercity Alarms, Inc. replaced certain alarm equipment at the subject premises after the initial installation but prior to the subject fire.

**Response No. 17 (sic.)**

Admitted.

**Request No. 18**

Please admit that Intercity Alarms, Inc. monitored all of the alarm equipment located at the subject premises.

**Response No. 18**

Admitted.

Signed under the pains and penalties of perjury this 22ND day of April, 2004.

Name: John C. Davenport
Title: Member
Intercity Alarms, LLC

## CERTIFICATE OF SERVICE

I, Bradford N. Louison, hereby certify that on the 23rd day of Apr., 2004, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, P.C., Marina Bay, 308 Victory Rd., Quincy, MA 02171; A. Richard Bailey, Cozen O'Connor, Attorneys, 1900 Market St., Philadelphia, PA 19103-3508.

_____
Bradford N. Louison