**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

CA #:03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL
1000 Pillsbury Center
Minneapolis, MN  55402
                              Plaintiff

v.

INTERCITY ALARMS, INC.
20 North Main Street
Yarmouth, MA  02664
                              Defendant

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO
DETERMINE THE SUFFICIENCY OF  DEFENDANT INTERCITY ALARMS, INC.'S
RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION**

Plaintiff Great Northern Insurance Co., as subrogee of Phyllis MacNeil, hereby submits

this Memorandum of Law in support of Plaintiff's Motion to Determine the Sufficiency of

Defendant Intercity Alarm, Inc.'s Responses to Plaintiff's Requests for Admission.  For the

reasons set forth below, Plaintiff requests an Order from this court to compel Defendant Intercity

Alarms, Inc to fully respond to Plaintiff's request for admission, pursuant to F.R.C.P 36(a), or in

the alternative, to order that these Requests are deemed admitted.

**I.    BACKGROUND**

Plaintiff Great Northern Insurance Co. provided property insurance for Phyllis MacNeil's

residence located at 148 Gansett Road, Woods Hole, Massachusetts 02543.  During the late

evening hours of January 21, 2003 and the early morning hours of January 22, 2003, a

catastrophic fire completely destroyed Mrs. MacNeil's home.  The home was equipped with an

automatic alarm system that was designed, installed, monitored, maintained, inspected, and

tested by Defendant Intercity Alarms, Inc. ("Intercity Alarms").  The subject alarm system totally

failed to operate and as a result, Mrs. MacNeil's residence was completely destroyed.

Deputy Chief Glen A. Rogers of the Falmouth Fire Rescue Department, State Fire Marshal Francis M. McGinn, and Plaintiff's origin and cause expert Thomas J. Klem all concur that the fire originated in the kitchen of the MacNeil home, and specifically at the Thermador Cook Top.[1]  Further, the aforementioned expert investigators established that the cause of the fire was the result of one of the burners of the Thermador Cook Top that was accidentally turned on earlier that day slowly igniting the kitchen drawer that rested on top of the Cook Top.[2]  This ignition process occurred over a period of 6-7 hours.  The small, smoldering fire was not detected by the 4 smoke detectors located in the home, which completely failed to operate. Intercity Alarms admitted this in a letter dated April 16, 2003 from Intercity Alarm President Ridgeway Crouch to Bruce MacNeil, son of Phyllis MacNeil.[3]

Plaintiff commenced this subrogation action on December 8, 2003 against Defendant Intercity Alarms.  On April 8, 2004, Plaintiff served Intercity Alarms with Requests for Admissions, and Intercity Alarms responded to aforesaid Requests for Admission on April 26, 2004.[4]  Plaintiff now moves this Court to determine the sufficiency of Defendant Intercity Alarms, Inc.'s Answers to Plaintiff's Requests for Admissions.

## II.  <u>ARGUMENT</u>

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, a party may serve requests for Admission of the truth of any matters within the scope of Rule 26(b)(1) that relate to, among others, statements or opinions of fact or the application of law to fact.  <u>See</u> F.R.C.P. 36(a).  The Requests for Admission Plaintiff served upon Defendant were within the scope of

---

[1] A copy of the Falmouth fire Rescue Department's report is attached to Plaintiff's motion as Exhibit B.
[2] <u>Id</u>.
[3] A copy of this letter is attached to Plaintiff's motion as Exhibit I.
[4] Copies of the Requests for Admission and Responses are attached to Plaintiff's Motion as Exhibits A and C, respectively.

Rule 26, in that each Request was relevant to Plaintiff's claims.  Specifically, Request No. 3

through No. 11 list facts taken directly from the Falmouth Fire Rescue Department Report.[5]

With respect to Request Nos. 2, 3, 5, 6, 7, 8, 9, 10, and 11, Defendant Intercity Alarms,

Inc. responded that "Defendant cannot admit or deny . . . as no one employed with the defendant

has personal knowledge of the facts requested to be admitted or denied."  This response is in

violation of F.R.C.P. 36(a) in that the rule states that:

> [a]n answering party may not give lack of information or
> knowledge as a reason for failure to admit or deny unless the party
> states that the party has made reasonable inquiry and that the
> information known or readily obtainable by the party is insufficient
> to enable the party to admit or deny.

Id.  Furthermore, a party answering requests for admission are required to state with specificity

not only the reasons why it is unable to answer **and** a "detailed statement as to the 'reasonable

inquiry' which it has made and the results thereof." Barbosa v. Cincinnati Milacron, Inc., 1984

U.S. Dist. LEXIS 16923 (Mass. 1984) at *6, emphasis added.

Here, Defendant Intercity Alarms, Inc. merely stated that it "lacks knowledge of the facts

requested to be admitted or denied."  The responses do not contain specific reasons for the non-

responses.  In addition, there is no statement as to the reasonable inquiry conducted by

Defendant.  As such, Defendant's responses are insufficient, and the Court should either: 1)

order each matter admitted or 2) order a further answer. See Wright & Miller, Federal Practice

and Procedure: Civil § 2261.

Furthermore, the purpose of request for admission are to "promote efficiency and

economy in resolving disputes." Barbosa v. Cincinnati Milacron, Inc., 1984 U.S. Dist. LEXIS

16923 (Mass. 1984) at *2, quoting Finman, "The Request for Admission in Federal Civil

Procedure",  71 Yale L.J. 371, 376 (1961).  Judicial economy is promoted in that parties need not

---

[5] See Exhibit B.

expend effort and expense in litigating conceded facts.  Id.  Here, Defendant Intercity Alarms, Inc. has not retained an expert that will testify as to the origin and cause of the fire.  As such, the facts set forth in Plaintiff's Requests for Admissions are uncontroverted.  Therefore, Plaintiff's Requests for Admission are proper.

**III.**    **CONCLUSION**

For the forgoing reasons, this Court should either deem Plaintiff's Requests for Admission admitted, or in the alternative, compel Defendant Intercity Alarms, Inc. to provide further responses.

Respectfully submitted,
GREAT NORTHERN INSURANCE CO.
By its attorneys,


_____s/ Christine K. Tramontana_____
Roy P. Giarrusso, Esquire (BBO #549470)
Christine K. Tramontana (BBO #644849)
GIARRUSSO, NORTON, COOLEY
  & MC GLONE, P.C.
Marina Bay
308 Victory Road
Quincy, MA   02171
(617) 770-2900


OF COUNSEL:
A. Richard Bailey, Esquire
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2040

## CERTIFICATE OF SERVICE

I, CHRISTINE KELLEY TRAMONTANA, attorney for plaintiff herein, certify that a true and correct copy of the foregoing Motion to Determine Sufficiency of Defendant Intercity Alarms, Inc's Answers to Plaintiff's Requests for Admission was served electronically to the following on the 21st day of December, 2004:

Bradford N. Louison, Esquire
Merrick Louison & Costello, LLP
67 Batterymarch Street
Boston, MA   02110
COUNSEL FOR DEFENDANT, INTERCITY ALARM

BY:   s/ Christine Kelley Tramontana
Christine Kelley Tramontana, Esquire

PHILA1\2186488\1 133717.000