UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,
    Plaintiff

v.

INTERCITY ALARMS, INC.
    Defendant/Third Party Plaintiff,

v.

JOHN VOSE,
    Third Party Defendant

### DEFENDANT INTERCITY ALARMS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Now comes the defendant Intercity Alarms, Inc. (hereinafter "Intercity") and respectfully moves the court to enter partial summary judgment in its favor. As grounds therefore, Intercity states that the claims of negligent installation and design do not comply with the applicable statutes of limitation or repose, that there are no genuine issues of material fact and that partial summary judgment should be entered as a matter of law.

In support of its motion Intercity states that the plaintiff's Complaint alleges, among other things, that Intercity was negligent in its failure to properly design and install the alarm system. (See Complaint, Count I, paragraph 15 a-l)

Count II alleges breach of contract and Count III alleges breach of warranty.

1

The plaintiff subrogee's house was destroyed by fire on January 21, 2003. Intercity installed and designed the alarm system on or about June 30, 1983 and the work was done on or about July 11, 1983. This civil action was filed in the court on December 8, 2003.

With regards to the claims of negligent installation and design, breach of contract and breach of warranty the action does not comply with the applicable Massachusetts statute of limitations for negligence, contract or warranty claims, nor does it comply with the applicable Massachusetts statute of repose. Because of the statute of repose, there is no applicable tolling of the statute of limitation for "discovery" of the loss.

The defendant submits the following in support of its motion:

a.  Exhibit #1,   Intercity Alarms, Inc. Proposal, dated 6/30/83;

    Exhibit #2,   Corres. from Ridgway Crouch, President, Intercity Alarms, Inc. to Bruce M. MacNeil, (son of plaintiff's subrogee), dated April 16, 2003;

    Exhibit #3,   Excerpts from the Deposition of the Plaintiff's subrogee, Phyliss MacNeil, dated June 10, 2004;

    Exhibit #4    Falmouth Fire Dept. Fire Investigation Summary Report.

b.  Memorandum of Law;

c.  Affidavit;

d.  Concise Statement of Facts.

Counsel further certifies that he has conferred with counsel for the plaintiff and has attempted in good faith to narrow the issues raised herein.

Wherefore, the defendant Intercity Alarms, Inc. moves the court to enter partial summary judgment in its favor, and to order that the claims for the original negligent installation and design at the time of the original installation and design and the claims for breach of contract and breach of warranty( from the original agreement) be dismissed. The defendant also moves for an order that no evidence be presented at trial by the plaintiff ( and an instruction to the jury not to consider) as to negligent installation, design, or breach of contract or warranty.

The Defendant,
INTERCITY ALARMS, INC.
by its attorney,

Bradford N. Louison (BBO# 305755)
MERRICK, LOUISON & COSTELLO, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Bradford N. Louison, hereby certify that on the ___ day of Dec_____, 2004, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, P.C., Marina Bay, 308 Victory Rd., Quincy, MA 02171; A. Richard Bailey, Cozen O'Connor, Attorneys, 1900 Market St., Philadelphia, PA 19103-3508.

Bradford N. Louison