UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 03 CV 12463 RGS



GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,
                    Plaintiff

v.

INTERCITY ALARMS, INC.
                    Defendant/Third Party Plaintiff,

v.

JOHN VOSE,
            Third Party Defendant

## DEFENDANT INTERCITY ALARMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

## I.    SUMMARY OF THE FACTS

The Defendant Intercity Alarms, Inc. (hereinafter "Intercity") states that the plaintiff's Complaint alleges, among other things, that Intercity was negligent in its failure to properly design and install the smoke detector/ alarm system. (See Complaint, Count I, paragraph 15a-l) Count II claims breach of contract and Count III, breach of warranty.

The plaintiff subrogee's house was destroyed by fire on January 21, 2003. Intercity installed and designed the alleged system on or about June 30, 1983. This civil action was filed in the court on December 8, 2003.

As a result, the action does not comply with the applicable Massachusetts statute of limitations for negligence, contract or warranty actions, nor does it comply with the applicable

1

Massachusetts statute of repose with regards to the claims of negligent installation and design, breach of contract and breach of warranty. [1]

## II.    SUMMARY OF THE ARGUMENT

1.    The claim of negligent installation and design (1983) is barred by the three year tort statute of limitations;

2.    A "discovery rule" does not apply because the statute of repose bars this action which was brought beyond the six year statute of repose period ;

3.    The claim of breach of contract as to the installation and design (1983) is barred by the applicable six year contract statute of limitations;

4.    The claim for breach of implied warranty is also barred because it is in fact a tort claim;

5.    The claim for a breach of an express warranty must fail as it does not pass either the UCC four year statute of limitation or the six year contract statute and because there was no express warranty made by the defendant.

6.    There is no agreement to do anything except monitor the system.

## III.    FACTS

The plaintiff subrogee, Phyllis MacNeil (hereinafter "MacNeil") owned a home with her husband (now deceased) in Woods Hole, Massachusetts. The house was totally destroyed by fire on January 21, 2003. (See Plaintiff's Complaint, paragraph 1 - 13). At the time of the fire,

---

[1]Intercity alleges in its Third Party Complaint that the third party defendant, John Vose, who was the MacNeil's handyman actually caused the fire by leaving a wooden cabinet on the stove in the kitchen and turning the stove on. The Falmouth Fire Department determined that was the actual cause of the fire. (Exhibit #4) There is no allegation that Intercity did anything to initiate or cause the fire.

MacNeil had an agreement with Intercity for the monitoring of the burglar, smoke and low heat alarm system at the house. (Complaint paragraphs 1-13).

At the time of the fire, Intercity was monitoring the alarms at the MacNeil's house but on the night of the fire, no smoke alarm alert was registered at Intercity. A low heat alert, however was detected by Intercity. Intercity notified the MacNeil's handyman John Vose, who was on the list for notification. Vose discovered the fire and called the fire department. (Exhibit #4)

The plaintiff alleges that damages for this loss exceed $2 million. (Complaint, paragraph 13).

The plaintiff alleges that as a result of the defective design, installation, maintenance and/or testing of the alarm systems, the alarm system's inability to detect the fire in its incipient stage and to alert the fire department, caused an escalation in the damage to the plaintiff's insured as early detection and response would have extinguished the fire in its early stages. (Complaint, paragraph 12).

The plaintiff alleges negligence in Count I. It claims that the plaintiff suffered the loss as a result of Intercity failing to properly *design* the alarm system, failing to properly *install*... the alarm system, *designing and installing* the alarm system so that its smoke detectors failed to send an alarm signal to the central monitoring system... failure to comply with all applicable codes, statutes and ordinance concerning the *installation* ... of the alarm system, failure to comply with applicable NFPA standards concerning the *programing installation*... of the alarm system, failure to exercise reasonable care in *designing and installing*... the alarm system, failure to properly train and/or supervise its employees in the proper *design*, application, programing *installation*... of the alarm system. (Complaint, paragraph 15 a-l).

3

The plaintiff alleges breach of contract in Count II. It alleges that "prior to January 21, 2001, Phyllis MacNeil had contracted with the defendant to provide an alarm system to detect fires at the incipient stage and alert the fire department in case of a fire on the premises, and by express and/or implied agreements, defendant warranted and/or guaranteed that its alarm system would provide notification of a incipient fire condition." (Complaint, paragraphs 17 and 18).

The plaintiff alleges breach of warranty in Count III alleging that "in entering into an agreement with the plaintiff's insured to *design, install* and/or monitor the alarm system the defendant expressly and/or impliedly warranted that it would perform its duties in a professional and workmanlike manner... and by failing to perform its duties... the defendant breached its expressed and implied warranties.  As a direct and proximate result of the aforesaid breaches of warranties, the fire at the premises occurred."  (Complaint, paragraphs 22-24). (boldface and italics added).

On June 30, 1983, Intercity proposed in writing to Norman MacNeil, the subrogee's husband, to provide "burglar alarm addition," "new fire alarm system," and "new heat loss alarm." (Exhibit #1) The work was done on July 11, 1983 (Exhibit #2).

There is no disagreement that the original work was done on that date by Intercity.  There is also no disagreement that from the date of the original work order as set forth in Exhibit #1 Intercity monitored the alarm systems up to and including the date of the fire January 21, 2003.

Other than the exhibits attached hereto, there is no evidence of any contract between MacNeil and the defendant Intercity. This civil action was filed in the U.S. District Court in Boston, and the date on the civil action cover sheet is December 5, 2003.  The date of the Complaint is the same.

4

III.   **ARGUMENT**

    A.   **Count I - Negligence**

    1.   **Statute of Limitations**

The plaintiff makes serious allegations against Intercity for negligence in the initial designing, installing and testing of the alarm system. The applicable dates are June 30, 1983, the date of the proposal, to July 11, 1983, the day the work was done. Thereafter, Intercity then monitored the system and as shown in exhibit #2, did some additional work over the years.

The applicable statute of limitations for tort actions is three years. M.G.L. c. 260, §2A provides that "actions of tort... shall be commenced only within three years next after the cause of action accrues." The plaintiff may not maintain an action based on negligent installation/design in 1983 because it fails to meet the statute of limitations. Cigna Insurance Company v. Oy Saunatec, Ltd., 241 F. 3d. 1 (1st Cir. 2001).

With regards to the issue of the statute of limitation under Massachusetts law the plaintiff bears the burden of presenting facts sufficient to take the case outside of the statute of limitations. Saenger Organization, Inc. v. Nationwide Insurance Licensing Associations, Inc., 119 F. 3d. 55 (1st Cir. 1997). The initial design and installation of the MacNeil's system by Intercity was beyond the three year tort statute of limitations from the filing of this action.

Wherefore, the defendant Intercity moves the court to enter partial summary judgment dismissing all of the plaintiff's claims contained in Count I relative to any allegation of negligent installation and design, etc. As to the initial design, installation or upgrade of the system.

5

## 2.    Statute of Repose

Even if the plaintiff claims that they did not discover the negligent design and or installation until after the fire on January 21, 2003, the applicable statute of repose provides that "[a]ction of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property... shall be commenced only within three years next after the cause of action accrues, provided, however, that in no event shall such actions be commenced more than six years earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvements and the taking of possession for occupancy by the owner.  M.G.L. c. 260, §2(B).

The statute of repose applies here. The statute of repose imposes an absolute limit on the time in which actions can be brought irrespective of when the plaintiff was injured or when he discovered the wrong.  Conley, Kozikowski v. Toll Bros., Inc., 354 F. 3d. 16 (1st Cir. 2003). Coca Cola Bottling Company of Cape Cod v. Weston & Sampson Engineers, Inc., 45 Mass. App. Ct. 120, 695 N.E. 2d. 688 (1988). The plaintiff cannot claim a tolling of the statute of limitation by its "discovery" of the negligence only after the fire in January 2003 because the statute of repose limits the time to be brought to six years with no tolling for discovery.

The repose statute for improvements to real property applies to those who perform acts of individual expertise akin to those commonly thought to be preformed by architects and contractors,  that is, parties who render particularized services for the design and construction of particular improvements to particular pieces of real property.  Fine v. Huygens DiMella, Shaffer & Associates, 783 N.E. 2d. 842, 57 Mass. App. Ct. 397 (2003).  Intercity,  in installing and

6

upgrading the alarm system, rendered particularized services for the design and construction of "particular improvements to a particular piece of real property" owned by the MacNeils.

The installation of an alarm system is considered an improvement of real estate subject to the statute of repose. The Massachusetts Supreme Judicial Court found that an installation of an electrical distribution panel at an existing electrical generating plant constituted a "improvement" of an electrical generating plan which the statute of repose is applicable. Parent v. Stone & Webster Engineering Corp., 408 Mass. 108, 556 N.E. 2d. 1009 (1990). In Parent, the plaintiff received an electrical injury and sued the defendant for failing to provide proper warnings on the electrical box. The SJC said, "[t]he installation of the distribution panel in 1958 was a permanent addition to the Montaup [the electrical generating plant] facility clearly involved the expenditure of labor and money, and served to make the facility productive as a power generating plant. The court concluded that this work constituted an "improvement" within the meaning of M.G.L. c. 260, §2(B).

As noted in exhibit #1, Intercity installed a new control panel with a standby power supply, two keypads, two motion detectors, four new smoke detectors, four heat buttons, two inside bells and four heat monitors. it is obvious that an burglar, fire smoke alarm system, hardwired into the house is an "improvement," which adds to the use and value of a residential home. In another case, installation of insulation in a building constituted instruction of improvements to real property for purposes of this section. Conley v. Scott Products, Inc., 401 Mass 645, 518 N.E. 2d. 849, (1988). In another, modifications made to an industrial milk evaporator by a servicing company were considered to be improvements to real property which made the Massachusetts statute of repose applicable to claims against a company by a dairy

7

farmer's consortium for alleged defective work. <u>Agri-Mark, Inc. v. Niro, Inc.</u>, 214 F. Supp. 2d 33 (D. Mass. 2002).

The Massachusetts statute of repose has been found not to violate federal guarantees to due process. <u>Dighton v. Federal Pacific Electric Company</u>, 506 N.E. 2d. 509, 399 Mass. 687 (1987).

Since the statute of repose requires the plaintiff to have brought the case no more than six years after the date of the work on July 11, 1983, (the date of the opening of the improvement to use) the plaintiff is barred from bringing the negligent design and installation claims.

Wherefore, the defendant Intercity moves the court to enter partial summary judgment dismissing all of the plaintiff's claims contained in Count I relative to any allegations of negligent installation and design, etc. from the initial design, installation or upgrade of the system in 1983.

### 3.    **Count II - Breach of Contract**

Count II of the plaintiff's Complaint alleges breach of contract.  The applicable statute of limitations for contract actions in Massachusetts is six year next after the cause of action accrues. M.G.L. c. 260, §2.  Based on the date of installation and design, as set forth in Exhibit B, the plaintiff's claims for negligent installation and/or design as set forth in its complaint violates the statute of limitations and should not be allowed to proceed.  Moreover the plaintiff has not produced a contract nor does it have evidence of any contract between the parties.

Wherefore, the defendant Intercity moves the court to enter partial summary judgment dismissing all of the plaintiff's claims  contained in Count II relative to any allegations of breach

8

of contract with regards to the installation and design, etc.in the initial design, installation or upgrade of the system in 1983.

### 4.    Count III - Breach of Warranty

Count III of the plaintiff's Complaint alleges breach of warranty. Intercity made no express warranty.

Pursuant to the Uniform Commercial Code as set forth in M.G.L. c. 106 §2-725, the applicable sales warranty statute of limitations is four years. Since there is no evidence of any express warranty the plaintiff must be proceeding only on a claim of an implied warranty.

On its face, the Statute of Repose, M.G.L. c. 260, §2B applies only to [a]ctions of tort." Anthony's Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc. 396 Mass. 818, 489 N.E. 2d 172, (1986). However, a plaintiff may not escape the consequences of a statute of repose or statute of limitations on tort actions merely by labeling the claim as contractual. Anthony's Pier Four, Inc. at 823. In Klein v. Catalano, 386 Mass. 701, 437 N.E. 2d 514 (1982), the SJC held that M.G.L. c. 260, §2B barred a breach of implied warranty claim where the elements for breach of implied warranty and for negligence claims were the same. Here the elements are the same and therefore the claim should be barred. The SJC in Klein said, "an architect has but a single chance to create a design for a client which will produce a defect-free structure, Accordingly we do not think it just that architects should be forced to bear the same burden of liability ...as that which has been imposed on manufacturers generally. Klein at 719. Unlike a mass producer of goods, an architect does not impliedly guarantee that his work is fit for its intended purpose. Rather he impliedly promises to exercise that standard of reasonable care required of members of his profession. Klein at 719. The SJC barred the action for breach of warranty. "To hold otherwise would

9

frustrate the purpose behind G.L. c. 260 §2B. The Legislature enacted G.L. c. 260 §2B to limit the liability of architects, engineers, contractors, or others involved in the design, planning, construction, or general administration of an improvement to real property. ...If the plaintiff could maintain his action for breach of implied warranty, the statute would not have its intended effect. The plaintiff whose negligence claim is barred by G.L. c. 260 §2B, could bring essentially the same action under a breach of implied warranty theory. This is a result we cannot tolerate." Klein at 720.

Intercity is, at the least, a contractor, and should receive the same benefits granted in Klein where the opinion said G.L. c. 260 §2B applied to contractors.

A claim for breach of express warranty differs, however, from a negligence claim because the plaintiff must demonstrate that the defendant promised a specific result. Anthony's Pier Four, Inc. at 823. Here there is no contract and no evidence of a promise for a specific warranty or result. Therefore the statute of repose applies here.

Wherefore, the defendant Intercity moves the court to enter partial summary judgment dismissing all of the plaintiff's claims contained in Count III relative to any allegations of breach of warranty with regards to the installation and design, etc. in the initial design, installation or upgrade of the system in 1983.

## IV.  CONCLUSION

Based on the aforesaid, the defendant Intercity Alarms, Inc. moves the court to enter partial summary judgment in its favor, ordering that the claims for negligent installation and design at the time of the original installation and design and the claims for breach of contract and breach of warranty from the original agreement between the parties be dismissed and that an

order that no evidence may be presented at trial by the plaintiff (and an instruction to the jury not to consider) as to negligent installation, design, breach of contract or breach of warranty.

                                        Respectfully Submitted

                                        The Defendant,
                                        INTERCITY ALARMS, INC.
                                        by its attorney,

                                        _____
                                        Bradford N. Louison (BBO# 305755)
                                        Merrick, Louison & Costello, LLP
                                        67 Batterymarch Street
                                        Boston, MA 02110
                                        (617) 439-0305

## CERTIFICATE OF SERVICE

I, Bradford N. Louison, hereby certify that on the 7th day of _____, 2004, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, P.C., Marina Bay, 308 Victory Rd., Quincy, MA 02171; A. Richard Bailey, Cozen O'Connor, Attorneys, 1900 Market St., Philadelphia, PA 19103-3508.

                                        _____
                                        Bradford N. Louison

11