UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,
1000 Pillsbury Center
Minneapolis, MN 55402
   Plaintiff

v.

INTERCITY ALARMS, INC.

20 North Main Street
Yarmouth, MA 02664
   Defendant/Third Party Plaintiff,

v.

JOHN VOSE,
   Third Party Defendant

## DEFENDANT INTERCITY ALARMS, INC'S OPPOSITION TO THE PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF THE RESPONSES TO THE PLAINTIFF'S REQUEST FOR ADMISSIONS

The defendant filed the Response to the plaintiff's First Set of Request for Admissions on April 23, 2004. The Responses to Admissions are attached as exhibits to the plaintiff's motion. The Response to Admissions were signed under the pains of perjury by John C. Davenport of the defendant corporation.

It is the defendant's position that the Request for Admissions which were neither admitted nor denied by the defendant were inappropriate in the first place; that the Request for Admissions dealt with specific "facts" as related by the third party defendant John Vose which no one else other than Vose knows whether they are true, and, therefore, no person on behalf of the defendant can in good faith admit or deny whether or not what the third party defendant Vose

says is true. Moreover, no officer, director or employee of the defendant wishes to sign anything under the pains of perjury for which he has no idea whether or not it is true.

John Vose, the third party defendant was the plaintiff subrogee's handyman who was the actual cause of the fire which destroyed the plaintiff subrogee's house. Vose told the Falmouth Massachusetts Fire Investigator that he was working in the subrogee's house on the date of the fire refinishing kitchen cabinets. He put a newly varnished kitchen cabinet on the kitchen stove. The fire department determined that the stove was accidently activated which ignited the bottom of the cabinet which had been placed on the stove top. The cabinet later ignited and cause the fire. The third party defendant Vose also told the fire department that he discovered the fire at the plaintiff's house and called the fire department.

It is the defendant's position that Vose is the actual cause of the fire due to his negligence. The plaintiff brings this action against the defendant Intercity Alarms for allegedly negligently installing designing, and monitoring the smoke detector system and allegedly negligently failing to detect the fire in its incipient stages. The Defendant brought a third party action for contribution against John Vose.

The defendant is unable to answer (admit or deny) some of the Requests for Admissions of Fact. No one employed by the defendant has personal knowledge as to the specific facts, the cause of the fire or the actions of Vose as requested in the Requests for Admissions.

The following are the Requests for Admissions which are the subject of this motion.

Requests for Admissions No. 2 requests that the defendant (an employee of the defendant) to answer under the pains of perjury how the fire started. Admittedly, the defendants do not have any evidence that it was started in a different manner than alleged by the fire department, but no one employed by the defendant has personal knowledge.

Requests for Admissions No. 3 asks an employee of the defendant to answers under the pains of perjury that John Vose "locked the door and activated the alarm system upon leaving the premises at approximately 5:00 p.m..." No employee of the defendant has personal knowledge nor is willing to state under the pains of perjury that what Vose said to the fire department investigator is actually what he did or what happened.

On the other hand, those Request for Admissions for which employees of the defendant had personal knowledge were admitted or denied. Specifically Request for Admissions No. 4 which stated that Vose received a low temperature alarm from the defendant monitoring company. The defendant admitted this Request for Admission.

Request No. 5 however asks an employee of the defendant to state under the pains of perjury that "the kitchen was fully involved in fire when John Vose investigated the low temperature alarm between 11:49 p.m. and 11:59 p.m..." Vose stated this to the fire department investigator. No one other than Vose knows if this is true. There was no one at the house other than Mr. Vose and, therefore, it is inappropriate to ask someone who has no personal knowledge to state under the pains of perjury whether this is true.

Similarly the following Request for Admissions cannot be admitted or denied as noone has personal knowledge and the statements of fact are not of the type that can be ascertained.

No. 6, which asks the defendant to admit or deny that Mr. Vose was "confronted with heavy smoke when he opened the from door..." No. 7, "John Vose reported the fire to the Falmouth Police Department at 11:59; No. 8, asking what time the fire department responded, No 9 what the fire department employees saw upon arrival; No. 10 cause of the fire; No. 11., that one of the control knobs of the stove was accidently turned on.

The remaining Request for Admissions where admitted or denied because the defendant had actual knowledge.

F.R.Civ.P. 36(a) requires that the defendant either truthfully admit or deny an admission or make a statement setting forth the reasons why the person cannot truthfully admit or deny. That is what the defendants did. The fact that the defendant is required to admit of deny even facts not within his personal knowledge if they can be ascertain by reasonable inquiry does not cause the defendant to have to admit or deny statements made by a opposing party simply because the opposing party made those statements to an investigator.

It is possible that the defendants would agree to stipulations of ceratin facts but have not yet been asked. Counsel for the undersigned believe that it is inappropriate for an individual to be required to sign under the pains of perjury as to the truth of statements made by another person for which no one else has information, there is no way to ascertan if that person is telling the truth and most importantly, to admit or deny statements statements from a person who in fact caused the fire and may have reasons for stating certain things in a certain way to protect himself from liability.

With regards to matters which are the subject matter of certain facts contained in the Falmouth Police Department reports which did not originate with the third party defendant Vose, (Request No. 2) the site of origin of the fire; (Request No. 9) the observations of the Falmouth Fire Department upon arrival; (Request No. 10) the cause of the fire; (Request No. 11) the turning on of the stove, the defendant will consider a stipulation of fact for purposes of trial.

In summary, the Request for Admissions of Fact to the plaintiff to the defendant which request that an employee of the defendant sign, under the pains of perjury, certain facts which

are in dispute, and certain facts which are alleged by the third party defendant for which no one else could possibly have personal information should not be the subject of the requirement for a further response to admit or deny.

A party should not be compelled to admit the truth of facts not within his personal knowledge for the reason that he would be forced to rely upon, and be absolutely bound by, an Admission based upon facts obtained by some other person who might have no interest in the result of the case and who might have a careless or erroneous reply. Fusco v. Dauphin, 45 Del. 499, 76A 2d 701 (1950). These requests do not contain facts that are public record nor are they facts that the defendant could obtain just as easily as the plaintiff. The defendant should not be required to admit or deny the truth or falsity of another persons statements.

Wherefore, the defendant moves the court to, 1., deny the plaintiff's motion; 2., not be ordered to make further responses to Requests for Admissions, and 3., not have the Requests which were not admitted or denied, be admitted as requested in the plaintiffs' motion.

The Defendant,
INTERCITY ALARMS, INC.,
by its attorney,

/s/ Bradford N. Louison
Bradford N. Louison (BBO# 305755)
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

    I, Bradford N. Louison, hereby certify that on the 29th day of December, 2004, I served the foregoing by causing a copy to be electronically and regularly mailed, postage prepaid, directed to Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, P.C., Marina Bay, 308 Victory Rd., Quincy, MA 02171; A. Richard Bailey, Cozen O'Connor, Attorneys, 1900 Market St., Philadelphia, PA 19103-3508.

                                            /s/ Bradford N. Louison
                                            Bradford N. Louison

P:\MacNeil Intercity Alarms\Def's Opp Mot to Determine Suffiency.wpd