UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,
1000 Pillsbury Center
Minneapolis, MN 55402
          Plaintiff


v.


INTERCITY ALARMS, INC.

20 North Main Street
Yarmouth, MA 02664
          Defendant/Third Party Plaintiff,

v.

JOHN VOSE,
          Third Party Defendant

**DEFENDANT'S MOTION FOR EXTENSION FOR TIME TO DESIGNATE
WITNESSES AND TO DESIGNATE EXPERT WITNESSES, and, TO ORDER THE
PLAINTIFF TO ALLOW AN INSPECTION OF THE SUBROGEE'S PROPERTY**

Now comes the defendant Intercity Alarms, Inc. in the above-entitled matter and moves

the court to 1., order the plaintiff to allow the defendant or its designees to inspect the plaintiff's

subrogee's property pursuant to the request made under F.R.C.P. 34, and, 2., allow the

defendant additional time to designate witnesses and expert witnesses. As reasons therefore, the

defendant states the following;

The plaintiff alleges that it's subrogee's house was destroyed on January 21, 2003 by fire

as a result of the negligence of the defendants.

The plaintiff is claiming damage to real and personal property as a result of the fire. The

plaintiff's subrogee rebuilt the house and upon information and belief the house was only recently completed.

The defendant wishes to engage a real estate appraiser to inspect the defendant subrogee's property both as to the  exterior and the interior and provide an opinion as to the reconstruction  costs, value of the property before and after the loss and provide a figure on damages, if any.

Since the house was only recently completed an inspection and designation prior to this would be premature.

This inspection and testimony by the witnesses is necessary for a defense at trial since the plaintiff is alleging as damages the cost to reconstruct the house.  However, it is not known whether or not the house was reconstructed similar to the house that was destroyed or whether there was significant improvements and "upgrades" which may   not be propeor to be considered as damages."

WHEREFORE, the defendant moves the court to order the plaintiff to allow an inspection of its subrogee's property and allow the defendant additional leave to designate the witnesses as set forth in Exhibit "A."  The defendant has sent to the plaintiff a request for entry onto the plaintiff's property for inspection pursuant to F. R. Civ. P. 34.  Once that inspection is done the defendant would then be in a position to make the proper designation of an expert and the expert's opinion.  The trial is currently scheduled for Monday, October 3, 2005.  The defendant would agree to any time schedule set forth by the court for such disclosure.  The parties discussed the issues herein but were unable to resolve them.

The Defendant,
INTERCITY ALARMS, INC.
by its attorney,

/s/ Bradford N. Louison
Bradford N. Louison (BBO# 305755)
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Bradford N. Louison, hereby certify that on the 28th day of June, 2005, I served the foregoing by electronic filing and causing a copy to be mailed, postage prepaid, directed to Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, P.C., Marina Bay, 308 Victory Rd., Quincy, MA 02171; A. Richard Bailey, Cozen O'Connor, Attorneys, 1900 Market St., Philadelphia, PA 19103-3508.

/s/ Bradford N. Lousion
Bradford N. Louison