UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA #:03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL
1000 Pillsbury Center
Minneapolis, MN  55402
        Plaintiff

v.

INTERCITY ALARMS, INC.
20 North Main Street
Yarmouth, MA  02664
        Defendant

**PLAINTIFF, GREAT NORTHERN INSURANCE COMPANY'S RESPONSE TO DEFENDANT, INTERCITY ALARMS, INC.'S MOTION FOR EXTENSION OF TIME TO DESIGNATE WITNESSES AND TO DESIGNATE EXPERT WITNESSES AND TO ORDER THE PLAINTIFF TO ALLOW AN INSPECTION OF THE SUBROGEE'S PROPERTY**

Plaintiff, Great Northern Insurance Company, by and through counsel, responds to Intercity Alarm, Inc.'s Motion for Extension of Time to Designate Witnesses and to Designate Expert Witnesses and to Order the Plaintiff to Allow an Inspection of the Subrogee's Property and in support thereof states the following:

1.    On January 21, 2003, a fire occurred at 148 Gansett Road, Woods Hole, Massachusetts, which completely destroyed the said property.

2.    At the time of the fire, the subject property was owned by Phyllis MacNeil.

3.    At the time of the fire and for a long period prior thereto, the subject property had a fire protection system designed, installed, repaired, tested and maintained by defendant, Intercity Alarms, Inc.

4.      At the time of the subject fire, the fire protection system which included four smoke detectors did not operate, and as a result, the fire department was not notified.

5.      On December 8, 2003, plaintiff, Great Northern Insurance Company as subrogee of Phyllis MacNeil, filed a Complaint against Intercity Alarms alleging negligence, breach of contract and breach of warranty.

6.      On January 23, 2004, a Scheduling Conference was conducted by the Honorable Richard G. Stearns, at which time Judge Stearns approved a Joint Statement wherein plaintiff was required to designate all expert witnesses on or before September 30, 2004 and defendant, Intercity Alarms, Inc. was to have designated its expert witnesses on or before October 30, 2004.

7.      By Order dated December 15, 2004, the above matter was listed for a jury trial on April 4, 2005.

8.      On or about December 29, 2004, counsel for Intercity Alarms, Inc. filed a Motion to Continue the April 4, 2005 trial date asserting that one of its key witnesses was scheduled for a family vacation.

9.      By Order dated May 26, 2005, the above matter was listed for a jury trial for October 3, 2005.

**FACTUAL BACKGROUND**

Intercity Alarms, Inc. is attempting to again delay trial of this matter. Well beyond the original Scheduling Order and well beyond one previously scheduled trial date, Intercity Alarms is attempting to conduct further discovery pursuant to Rule 34 (inspection of the subrogee's property). Additionally, Intercity Alarms now wants to designate trial witnesses and expert witnesses well beyond the original and the amended Discovery Scheduling Order for Expert Disclosures pursuant to Rule 26.

As the record will reflect, there was a Court mandated mediation which was unsuccessful. Additionally, Intercity Alarms filed a Motion for Summary Judgment which was only partially successful (plaintiff's allegation of negligence as to the original design of the alarm systems was dismissed). Intercity Alarms has had the expert report of plaintiff's expert since September 27, 2004. All damage documents were served on Intercity in accordance with Rule 26 Voluntary Disclosures.

As the Court is aware, if Intercity Alarms is permitted to conduct additional discovery in the nature of an inspection of the plaintiff's subrogee's home, this will require additional discovery in the nature of expert reports generated by Intercity Alarms and would then require the depositions of those witnesses and the preparation of rebuttal expert reports. Intercity Alarms has alleged in its motion that the home which had been destroyed in the fire of 2003 was only "recently completed" which is not factually correct. Counsel for Great Northern has been advised by Bruce MacNeil, the son of Phyllis MacNeil, that the rebuilt home received its Certificate of Occupancy in October 2004. In point of fact, the deposition of Phyllis MacNeil was taken on June 10, 2004 and at that time, she indicated that she expected her home to be rebuilt by July 1, 2004.

Intercity has identified two potential expert witnesses. John F. Burke, Jr. is a Civil Engineer and Thomas Siebert is an appraiser of personal property. As the Court is aware, Intercity Alarms is attempting to totally abrogate the previous Scheduling Orders and identify expert witnesses at this late date, all to the prejudice of plaintiff.

**ARGUMENT**

Defendant, Intercity Alarms' motion should be denied because it has failed repeatedly to meet the deadlines set forth in previously issued Scheduling Orders. All deadlines have passed

and now Intercity Alarms is attempting to make arguments which are unsupported by the factual record.

Failure to make Expert Disclosures in accordance with Rule 26 precludes the testimony of the expert witness.  See <u>Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Veneficiencia de Puerto Rico</u>, 248 F.3d 29 (1st Cir. 2001).  Such a sanction is "automatic and mandatory" unless the non-complying party can demonstrate that the failure "was justified or harmless." <u>NutraSweet Co. v. X-L Engineering Co.</u>, 227 F.3d 776, 785-86, 2000 U.S. App. LEXIS 22709 at *19 (7th Cir. 2000).

**<u>CONCLUSION</u>**

For the foregoing reasons, defendant, Intercity Alarms' Motion in total should be denied.

Respectfully submitted,

GIARUSSO, NORTON, COOLEY, & MCGLONE, P.C.

BY:    s/ Curtis A. Connors
Roy P. Giarusso, Esquire (BBO #549470)
Curtis A. Connors (BBO #630288)
Marina Bay
308 Victory Road
Quincy, MA   02171
(617) 770-2900

OF COUNSEL:
A. Richard Bailey, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
(215) 665-2040

**CERTIFICATE OF SERVICE**

      I, CURTIS A. CONNORS, attorney for plaintiff herein, certify that a true and correct copy of the foregoing Plaintiff's Response to Defendant, Intercity Alarms, Inc.'s Motion for Extension of Time to Designate Witnesses and to Designate Expert Witnesses and to Order the Plaintiff to Allow an Inspection of the Subrogee's Property, was served electronically, to the following on the 8th day of July, 2005:

Bradford N. Louison, Esquire
Merrick Louison & Costello, LLP
67 Batterymarch Street
Boston, MA   02110
COUNSEL FOR DEFENDANT, INTERCITY ALARM

                                              BY:   s/ Curtis A. Connors
                                                       Curtis A.  Connors, Esquire