UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,
1000 Pillsbury Center
Minneapolis, MN 55402
        Plaintiff

v.

INTERCITY ALARMS, INC.

20 North Main Street
Yarmouth, MA 02664
        Defendant/Third Party Plaintiff,

v.

JOHN VOSE,
        Third Party Defendant

## THE DEFENDANT'S PROPOSED JURY INSTRUCTIONS

1. **Burden of Proof**

The burden is on the plaintiff in a civil action such as this to prove every essential element of his or her claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

    See Devitt and Blackmar, Federal Jury Practice and Instructions, Vol. 2, ¶71.13 at

        592 (1977).

2.   **Causation (Burden of Proof)**

It is the plaintiff's burden to prove by a fair preponderance of the evidence the fact of causal relationship between the defendant's breach of duty not to act negligently and the plaintiffs' resultant harm.

    Nolan, 37 Massachusetts Practice, Tort Law (1979), ¶202, p. 312, and cases cited.

3.   **Causation**

Recovery cannot be founded upon conjecture as to the cause, but a plaintiff is not required to eliminate all causes except the defendant's negligence. The plaintiff has met her burden of proof if, demonstrably, there is a greater likelihood that her injury is due to the defendant's negligence than to some other cause.

    DiRoberto v. Lagasse, 336 Mass. 309 (1957), cited
in Nolan, supra, at 312-13.

4.   **Proximate Cause**

An injury is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injuries or damage and, further, that the injuries were either direct results or reasonably probable consequences of the act or omission.

    Restatement (Second) of Torts (2d) ¶431 (1965);
Jones v. Hayden, 310 Mass. 90 (1941).

5.   **Proximate Cause**

Proximate cause is the legal term for "the necessary causal connection between a breach of duty and some harm as one in which the harm was a reasonably foreseeable consequence of the breach of a duty." Whittaker v. Saraceno, 418 Mass. 196, 198, 635 N.E.2d 1185, 1188 (1994).

6.  **Foreseeability**

Foreseeability defines the limits of both the duty of care and proximate cause. In Whittaker, the Supreme Judicial Court acknowledged that it has examined foreseeability either as a question of the scope of the duty of care or as a question of whether the plaintiff established proximate cause between the breach of the duty of care and the harm suffered, "perhaps based as much as anything on the way in which the issue was preserved below or argued to us on appeal." Whittaker v. Saraceno, 418 Mass. at 199 n.3, 635 N.E.2d at 1188 n.3.

7.  **Negligence - Definition**

Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do. Put another way, negligence is the failure to exercise reasonable and ordinary care. The term "reasonable and ordinary care" means the degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances or conditions. The law does not say how a reasonably prudent person would act under the circumstances. That is for you, the jury, to decide.

Beaver v. Costin, 352 Mass. 624, 626 (1967).

8.  **Burden of Proof**

The burden is on the defendant to prove by a preponderance of the evidence that the plaintiff was negligent, that such negligence was greater than that of the defendant, and that the plaintiff's own negligent conduct was one of the proximate causes of his or her injuries.

Breault v. Ford Motor Co., 364 Mass. 352, 354-55 (1973).

9.  **Expert Witnesses**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling may state an opinion as to relevant and material matter in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

> Devitt and Blackmar, Federal Jury Practice and
> Instructions, Vol. 1, 15.22 at 482 (1977) and cases cited.

10. Damages sought must be a foreseeable consequence at the time the parties entered into the contract. Bucholz v. Green Bros. Co., 272 Mass. 49, 54, 172 N.E. 101, 103 (1930)

11. The damages sought must be within the reasonable contemplation of the parties. International Totalizing System, Inc. v. Pepsico, Inc., 29 Mass. App. Ct., 424, 430, 560 N.E. 2d 749, 753 (1990).

12. Damages must be established with a reasonable degree of certainty. See, Novel Iron Work, Inc., v. Wexler Construction Co., Inc, 26 Mass. App. Ct. 401, 528, N.E. 2d 142 (1988).

13. Damages will not be awarded if speculative or not grounded in fact. MacDonald v. Hawker, 11 Mass. App. Ct. 869, 420 N.E. 2d 923 (1981)

14. A party seeking damages generally must show it took reasonable steps to avoid the loss.

See, Restatement 2d of Contracts, sec. 350. cmt. b. <u>Delano Growers Coop. Winery v. Supreme Wine Co.</u>, 393 Mass. 666, 473 N.E. 2d 1066 (1985).

**<u>Recoverable damages for tortious injury to real property</u>**.

15. In general, a party who suffers injury that is proximately caused by the negligence of another is entitled to be fairly compensated by the tortfeasor for his or her loss; this principle underlies the rules for recovery of negligent damage to real property. See *<u>Commonwealth v. Johnson Insulation,</u>* 425 Mass. 650, 666, 682 N.E.2d 1323 (1997). Because real property is often unique, no fixed formula for measuring damages has been derived from this principle. <u>Trinity Church in the City of Boston v. John Hancock Mut. Life Ins. Co.</u>, 399 Mass. 43, 48-49, 502 N.E.2d 532 (1987), citing <u>Wall v. Platt</u>, 169 Mass. 398, 405-406, 48 N.E. 270 (1897).

16. The body of case law that has developed in this area reflects that upholding the principle of fair and reasonable compensation requires flexibility in measuring the appropriate damages so as to account for the unusual or specialized character of real property and any special value it may hold for the particular owner. See <u>Newton Girl Scout Council, Inc. v. Massachusetts Turnpike Authy.,</u> 335 Mass. 189, 195-196, 138 N.E.2d 769 (1956); <u>Commonwealth v. Massachusetts Turnpike Authy.,</u> 352 Mass. 143, 147-148, 224 N.E.2d 186 (1967); <u>Trinity Church, supra,</u> at 49, 502 N.E.2d 532. For this reason, in awarding damages the finder of fact should take into consideration all relevant evidence bearing on the nature of the property, the extent of the injury or loss, and the amount of money that will fairly compensate its owner for its injury or loss.

17. In some circumstances the injured party will suffer consequential damages in addition to

damages to the property itself. Consequential damages are recoverable in an action for negligent injury to property so long as they are necessary and reasonable expenses incurred as a proximate result of the tortfeasor's actions. Restatement (Second) of Torts §§ 927(2) (1979).

18. Generally, the appropriate measure of damages in actions for negligent injury to property is the difference between the fair market value of the property prior to the loss and its fair market value after the loss caused by the tortfeasor. <u>Trinity Church, supra</u> at 48, 502 N.E.2d 532. One predicate for the application of this principle is the existence of a relevant market in which the property can be freely exchanged or sold. <u>Commonwealth v. Massachusetts Turnpike Authy.</u>, 352 Mass. at 147, 224 N.E.2d 186. Another predicate is that the diminution of fair market value be a fair and reasonable measure of the loss suffered by the owner. See <u>Newton Girl Scout Council, supra</u> at 195, 138 N.E.2d 769.

19. Where diminution in fair market value is the appropriate measurement of damages, fair market value may be established by a variety of methods. The following methods are often employed by real estate experts: "1. The current cost of reproducing a property less depreciation from deterioration and functional and economic obsolescence. 2. The value which the property's net earning power will support, based upon a capitalization of net income. 3. The value indicated by recent sales of comparable properties in the market." <u>Correia v. New Bedford Redev. Authy.</u>, 375 Mass. 360, 362, 377 N.E.2d 909 (1978), quoting from <u>State v. Wilson,</u> 6 Wash.App. 443, 447-448, 493 P.2d 1252 (1972).

20. The trial judge has broad discretion to determine whether evidence other than fair market

value is relevant to the question of damages. Correia v. New Bedford Redev. Authy., 375 Mass. 360, 367, 377 N.E.2d 909 (1978); Benevolent & Protective Order of Elks, Lodge No. 65 v. Lawrence Redev. Authy., 33 Mass.App.Ct. 701, 703, 604 N.E.2d 715 (1992). Rather, the evidence must support the inference that diminution in fair market value is not a fair and adequate measure of damages. Ibid.

21. Certain types of property have been recognized as often requiring evidence of damages beyond the usual means: for example, if the property is used for a special purpose, or constructed or improved with special features, or located in a particular place which bestows unique value on its owner and the owner would not be fairly compensated by the diminution in what the market would pay the owner after the injury or destruction. Newton Girl Scout Council, 335 Mass. at 194-195, 138 N.E.2d 769; Commonwealth v. Massachusetts Turnpike Authy. 352 Mass. at 147, 224 N.E.2d 186. These "unusual problems of proof of damages 'most frequently arise in cases of service-type properties like churches, convents, hospitals, country clubs, school and college premises and buildings of religious and charitable societies and similar organizations.' "

Replacement Cost.

22. Where diminution in market value is unavailable or unsatisfactory as a measure of damages, courts have routinely turned to replacement or restoration costs as the appropriate measure of damages. *Trinity Church, supra* at 49-50, 502 N.E.2d 532. Where this method is used, "a test of reasonableness is imposed. Not only must the cost of replacement or reconstruction be reasonable, the replacement or reconstruction itself must be reasonably necessary in light of the damage inflicted by a particular defendant." Id. at 50, 502 N.E.2d 532.

23. The Jury may consider alternative formulations to the usual diminution in value method.. One alternative formulation, which is appropriate in some situations, is consideration as to whether it is reasonable to assess the cost to restore or to replace to pre-damage condition. Courts have approved, as a measure of damages, the reasonable cost of restoring the property as nearly as reasonably possible to its original condition. Even if the facts justify consideration of evidence other than diminution in fair market value, care must be taken, if possible, not to permit the injured party to recover more than is fair to restore her to her position prior to her loss. The plaintiff should not recover a windfall. *Commonwealth v. Massachusetts Turnpike Authy., supra* at 148, 224 N.E.2d 186. Thus, evidence of repair or replacement cost must be adjusted, if possible, to take into account the condition of the injured property at the time of the injury or loss. For example, if the property has deteriorated by the time of the injury, the plaintiff should not be awarded an amount that would put the property into a condition substantially better than it was at the time of the injury. *Medford Hous. Authy. v. Marinucci Bros. & Co.,* 354 Mass. 699, 704, 241 N.E.2d 834 (1968).

24. ("There may be circumstances where direct restoration of the affected area is either physically impossible or so disproportionately expensive that it would not be reasonable to undertake such a remedy"); *Maloof v. United States,* 242 F.Supp. 175, 183 (D.Md.1965) (applicable measure of damages is "the *reasonable* cost of restoring the property as nearly as *reasonably* possible to its [original] condition" [emphasis in original] ).

25. In assessing damages under an alternative formulation, it is appropriate to consider

"whether it is reasonable to assess the cost to restore or to replace the property to *pre-damage condition*" (emphasis added).; Massachusetts Port Authority v. Sciaba Const. Corp. 54 Mass.App.Ct. 509, 766 N.E.2d 118

>The Defendant,
>INTERCITY ALARMS, INC.
>by its attorney,
>/s/ Bradford N. Louison
>Bradford N. Louison (BBO# 305755)
>Merrick, Louison & Costello, LLP
>67 Batterymarch Street
>Boston, MA 02110
>(617) 439-0305

## CERTIFICATE OF SERVICE

I, Bradford N. Louison, hereby certify that on the 22nd day of September, 2005, I served the foregoing electronically and by causing a copy to be mailed, postage prepaid, directed to Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, P.C., Marina Bay, 308 Victory Rd., Quincy, MA 02171; A. Richard Bailey, Cozen O'Connor, Attorneys, 1900 Market St., Philadelphia, PA 19103-3508.

>/s/ Bradford N. Louison
>Bradford N. Louison