UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

                                             CA #: 03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,
1000 Pillsbury Center
Minneapolis, MN 55402
        Plaintiff
v.

INTERCITY ALARMS, INC.

20 North Main Street
Yarmouth, MA 02664
        Defendant/Third Party Plaintiff,

v.

JOHN VOSE,
        Third Party Defendant

## DEFENDANT'S MOTION IN LIMINE
## RELATIVE TO COLLATERAL SOURCE RULE

      The defendant, Intercity Alarms moves the court to allow it to reference in argument and evidence, that the plaintiff is a subrogee of the subrogor, Phyllis MacNeil and that this case is a subrogation proceeding to recoup payments made by the Great Northern Insurance Company to Phyllis MacNeil.

      Evidentiary implications relative to the Commonwealth of Massachusetts collateral source rule which prohibits mitigating damages by the amount of insurance proceeds received by a plaintiff in a tort action are governed by the Federal Rules of Evidence in a diversity case such as this.   See, Fitzgerald v. Expressway Sewage Construction, Inc., 177 F. 3rd 71 (1st Cir, 1999), Federal Rules of Evidence Rules 401-403, 28 US Code Annotated, USCA.

      The defendant moves the court to allow it to introduce evidence or to question the various witnesses, particularly the subrogor, Phyllis MacNeil of her receipt of insurance proceeds from her homeowners insurance company the Great Northern Insurance Company for the loss her house and any other damages as alleged in the complaint.

In the collateral source context, the balancing of probative value and prejudicial effect dictated by F.R.Evid. 403 is much the same as the analytical approach to the admissiblity of collateral source evidence traditionally employed by the Massachusetts Courts.   Although the collateral source rule of the Commonwealth of Massachusetts prohibits mitigating damages by the amount of the insurance proceeds, the defendant moves the court to allow it to introduce it for the purposes of only identifying the actual proceeding and the proper plaintiff, that is, the Great Northern Insurance Company.   Otherwise, the plaintiff would seize a double benefit.  Not only is evidence not allowed to be introduced relative to insurance payments there is a subterfuge to the jury who believes that the actual plaintiff is Phyllis MacNeil a damaged individual who has suffered the loss of her home.   This dichotomy would cause prejudice upon the defendant.

Wherefore, the defendant, Intercity Alarms, Inc. moves the Court to allow proper identification of the parties and a proceeding as subrogation.

The Defendant,
INTERCITY ALARMS, INC.
by its attorney,

/s/ Bradford N. Louison
Bradford N. Louison (BBO# 305755)
MERRICK, LOUISON & COSTELLO, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

**CERTIFICATE OF SERVICE**

I, Bradford N. Louison, hereby certify that on the 22nd day of September, 2005, I served the foregoing electronically and by causing a copy to be mailed, postage prepaid, directed to Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, P.C., Marina Bay, 308 Victory Rd., Quincy, MA 02171; A. Richard Bailey, Cozen O'Connor, Attorneys, 1900 Market St., Philadelphia, PA 19103-3508.

/s/ Bradford N. Louison

Bradford N. Louison