UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,
1000 Pillsbury Center
Minneapolis, MN 55402
    Plaintiff

v.

INTERCITY ALARMS, INC.

20 North Main Street
Yarmouth, MA 02664
    Defendant/Third Party Plaintiff,

v.

JOHN VOSE,
    Third Party Defendant

## STATEMENT OF DEFENDANT SUMMARIZING THE PRINCIPLE CLAIMS AND DEFENSES TO BE READ TO THE VENIRE DURING IMPANELMENT

The defendant Intercity Alarms, Inc. states that it is a monitoring company that was hired by the plaintiff Great Northern Insurance Company's subrogee (MacNeil) to monitor the burglary, fire, smoke and heat detection system. The MacNeil's did not hire the defendant's to do periodic inspection and maintenance of the systems. The defendant says that the monitoring of the MacNeil's system through the electronic telephonic and digital systems was working properly on and before the date of the fire. The failure of the smoke detectors to alert was not in the monitoring or anything done by the defendant. The MacNeil's were responsible as homeowners to ensure that their equipment, such as the smoke detectors, were working. The MacNeil's did not hire Intercity Alarms to maintain and inspect the smoke detectors. They had the opportunity to do so, as they were informed of calling the defendant and scheduling an

inspection at an additional cost. Intercity Alarms has over 30,000 customers and does not, as part of its monitoring contract do inspections. Homeowners are responsible for the maintenance of the systems including ensuring that the smoke detectors are operable. This is not the responsibility of Intercity Alarms, Inc. and the failures of the smoke detectors, therefore, lie solely with the homeowner.

Intercity Alarms Inc. says that the plaintiff's claims of negligence are surmise and conjecture and the plaintiff has no real or direct evidence to support the claims that Intercity Alarms, Inc. was negligent or otherwise responsible for the loss. Intercity Alarms, Inc. says that the loss of the MacNeil's home was directly related to the reckless and negligent conduct of John Vose , the handyman. He set the fire. Intercity Alarms, Inc. should not be held responsible for the loss because of Vose's negligence. Furthermore, the evidence will show that Mr. Vose may have caused the detectors to fail during his work at the house on the day of the fire. Vose may have turned off the electricity.

Intercity Alarms, Inc. brought a Third Party Complaint against the third party defendant John Vose claiming that John Vose was negligent and as a result of which, Mr. Vose must contribute to any loss of the plaintiff.

    The Defendant,
INTERCITY ALARMS, INC.
by its attorney,

/s/ Bradford N. Louison
Bradford N. Louison (BBO# 305755)
MERRICK, LOUISON & COSTELLO, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## **CERTIFICATE OF SERVICE**

    I, Bradford N. Louison, hereby certify that on the 22nd day of September, 2005, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, P.C., Marina Bay, 308 Victory Rd., Quincy, MA 02171; A. Richard Bailey, Cozen O'Connor, Attorneys, 1900 Market St., Philadelphia, PA 19103-3508.

                                          /s/ Bradford N. Louison
                                          Bradford N. Louison