**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CA #:03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,

        Plaintiff,

v.

INTERCITY ALARMS, INC.,

        Defendant.

**PLAINTIFF'S MOTION TO TAKE THE VIDEO DEPOSITION**
**OF PHYLLIS MACNEIL FOR TRIAL PURPOSES**

Plaintiff, Great Northern Insurance Company, as subrogee of Phyllis MacNeil, by and through its attorneys, hereby submits this Motion to Take the Video Deposition of Phyllis MacNeil for trial purposes, and in support thereof, avers as follows:

1.      This case arises out of a fire that occurred on January 22, 2003 at the residence of Phyllis MacNeil in Woods Hole, Massachusetts. Plaintiff alleges that the fire alarm system that was installed, maintained, and tested by defendant, Intercity Alarms, Inc., failed to operate, causing what would have been minimal smoke damage to become a major conflagration, completely destroying Ms. MacNeil's residence. Damages are in excess of $2,200.000.

2.      On December 15, 2004, the Court issued an order, scheduling trial to commence on April 4, 2005 with regard to the above-captioned matter.

3.      On December 29, 2004, Defendant, Intercity Alarms, Inc., requested that the trial date be continued due to an employee of Intercity Alarms' vacation schedule. The motion was granted by the Court.

4.      On May 26, 2005, the Court set October 3, 2005 as a new trial date.

5.      On September 26, 2005, plaintiff moved to continue the trial date because of plaintiff's counsel's trial schedule with regard to a trial that was simultaneously taking place in the United States District Court for the Southern District of New York.

6.      On September 27, 2005, this Court granted plaintiff's motion for a continuance, setting the new trial date to commence on February 13, 2005.

7.      On October 21, 2005, plaintiff's counsel, John R. Slattery, was advised that Phyllis MacNeil, plaintiff's subrogor, will be in Palm Springs, California from January 1, 2006 through March 31, 2006.  See Certification of Counsel, attached hereto as Exhibit "A".

8.      Ms. MacNeil is 78 years old and has little knowledge of the facts and circumstances surrounding the fire that is subject to this lawsuit.  In fact, Ms. MacNeil was in California at the time of the fire in January 2003.

9.      Further, Ms. MacNeil had little interaction with defendant, Intercity Alarms, Inc., as Ms. MacNeil's late husband originally dealt with defendant to install, monitor, maintain, repair, and test the fire alarm system at the subject property.

10.     Plaintiff's counsel has approached defense counsel to determine whether Intercity Alarms' would object to taking Ms. MacNeil's video deposition for trial purposes.

11.     Counsel for Intercity Alarms, Bradford N. Louison, Esquire, advised plaintiff's counsel that Intercity Alarms would not object to continuing the trial date again; however, Intercity Alarms would object to taking Ms. MacNeil's video deposition for trial purposes.

12.     Because the trial date has already been continued on two occasions, and because Ms. MacNeil's limited knowledge of the events and circumstances surrounding the fire and the

alarm system at the subject property, plaintiff is requesting the court for an order compelling Ms. MacNeil's video deposition for trial purposes.

13.    The parties have two months to schedule a video deposition of Ms MacNeil prior to her leaving for California in January 2006.

14.    If the instant motion is granted, it will not be necessary to continue the trial for a third time.

15.    In the alternative, if the Court denies this motion, plaintiff requests that another trial date be scheduled for a time after March 31, 2006, the date on which Ms. MacNeil returns from California.

WHEREFORE, plaintiff requests this Honorable Court to issue an Order compelling the video deposition of Phyllis MacNeil for trial purposes, or, in the alternative, plaintiff requests that the trial date be continued until after March 31, 2006, for the reasons set forth above.

Respectfully submitted,

Great Northern Insurance Company as subrogee of Phyllis MacNeil


 s/ Curtis A. Connors  _____
Roy P. Giarusso, Esquire (BBO #549470)
Curtis A. Connors (BBO #630288)
GIARRUSSO, NORTON, COOLEY, &
  MCGLONE, P.C.
Marina Bay
308 Victory Road
Quincy, MA   02171
(617) 770-2900

OF COUNSEL:
A. Richard Bailey, Esquire
John R. Slattery, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
(215) 665-2040
PHILA1\2368401\1 133717.000

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CA #:03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,

      Plaintiff,

v.

INTERCITY ALARMS, INC.,

      Defendant.

## <u>ORDER</u>

WHEREFORE, in consideration of plaintiff's Motion to Take the Video Deposition of Phyllis MacNeil for Trial Purposes and defendant's response thereto;

IT IS HEREBY ORDER AND DECREED that the parties shall take the video deposition of Phyllis MacNeil prior to January 1, 2006 and that such testimony shall be used for the purposes of the trial commencing on February 13, 2006.

                                    _____

                                    Honorable Richard G. Stearns

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CA #:03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,

        Plaintiff,

v.

INTERCITY ALARMS, INC.,

        Defendant.


## ORDER

    WHEREFORE, in consideration of plaintiff's Motion to Take the Video Deposition of

Phyllis MacNeil for Trial Purposes and defendant's response thereto;

    IT IS HEREBY ORDERED AND DECREED that the current trial date of February 13,

2006 is VACATED and the trial shall commence on _____, 2006.


                _____
                Honorable Richard G. Stearns