UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 03 CV 12463 RGS

GREAT NORTHERN INSURANCE CO.
as subrogee of PHYLLIS MACNEIL,
1000 Pillsbury Center
Minneapolis, MN 55402
       Plaintiff

v.

INTERCITY ALARMS, INC.

20 North Main Street
Yarmouth, MA 02664
       Defendant/Third Party Plaintiff,

v.

JOHN VOSE,
       Third Party Defendant

## DEFENDANT INTERCITY ALARMS, INC.'S OPPOSITION TO THE PLAINTIFF'S MOTION TO TAKE THE VIDEO DEPOSITION OF PHYLLIS MACNEIL FOR TRIAL PURPOSES

The defendant Intercity Alarms, Inc. makes this its Opposition to the plaintiff's Motion to Take the Video Deposition of Phyllis MacNeil for Trial Purposes. As reasons therefore, the defendant states that it would be greatly prejudice if it is unable to examine Mrs. MacNeil, in person, at trial before a jury. Mrs. MacNeil is the homeowner and the subrogor of the plaintiff. It is important to present the witness in person so that the jury may better determine the veracity of the witness' testimony on a number of issues.

Notwithstanding Mrs. MacNeil's claim that her deceased husband handled everything dealing with the house, Mrs. MacNeil has substantial knowledge with regards to (1) the renovation project which led to the fire; (2) the claim of damages which the subrogee paid

under its policy, including but not limited to Mrs. MacNeil's claims for, a., substitute housing (the house that was destroyed was a summer house but it appears that payment for substitute housing extended beyond the summer season), b., the value of numerous pieces of art and antique claimed to be destroyed; and c., the basis for the monetary value set for models and art which were created and made by her husband, and, 3., the replacement of the house. Most importantly the jury needs to evaluate whether Mrs. MacNeil is truthful as to her position that she knew little about the terms of the contract with the defendant monitoring company, specifically but not limited to whether the agreement did not include inspection of the smoke detectors.

The plaintiff is requesting that Mrs. MacNeil be excused from presenting her testimony at trial not because of any emergency or necessity, but because she winters in Palm Springs, California and doesn't want to come to Boston in February. Mrs. MacNeil as subrogor obviously has little interest in the success or failure of this case. She has already received her proceeds from her fire insurance policy. On the other hand Intercity Alarms, Inc. is a small Cape Cod Company whose reputation is being tarnished by this claim.

Intercity Alarms is required to present all of its witnesses at trial. If it is not able to cross-examine the plaintiff's subrogor at trial it is at a disadvantage, and the important underlying issues, of contract, negligence, misrepresentation, etc. are lost in this multimillion dollar case.

WHEREFORE, the defendant Intercity Alarms moves the court to deny the plaintiff's motion and require Mrs. MacNeil to present her testimony in person at trial and not at any pre trial deposition. In the alternative, the defendant agrees to postpone the trial to a date later in the spring when Mrs. MacNeil has returned from Palm Springs.

        The Defendant,
        INTERCITY ALARMS, INC.
        by its attorney,

/s/Bradford N. Louison
Bradford N. Louison (BBO# 305755)
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

    I, Bradford N. Louison, hereby certify that on the 10th day of November, 2005, I served the foregoing electronically and by causing a copy to be mailed, postage prepaid, directed to Roy P. Giarrusso, Giarrusso, Norton, Cooley & McGlone, P.C., Marina Bay, 308 Victory Rd., Quincy, MA 02171; A. Richard Bailey, Cozen O'Connor, Attorneys, 1900 Market St., Philadelphia, PA 19103-3508.

/s/Bradford N. Louison
Bradford N. Louison